SUSAN F. HARRISON, DEFENDANT IN ERROR, v. NEW
YORK BAY CEMETERY, PLAINTIFF IN ERROR.

Submitted December 7, 1908—Decided March 1, 1909.

If an abutting owner for his own convenience places an object (in
   this case a hitching post) in the public highway, his failure to use
   reasonable care that the highway be not thereby rendered unsafe
   makes him liable to users of the highway for injuries resulting
   from such neglect.

On error to the Circuit Court.

For the plaintiff in error, *Robert L. Lawrence.*

For the defendant in error, *James A. Gordon.*

The opinion of the court was delivered by

GARRISON, J.   The plaintiff brought her action in the Cir-
cuit Court of Hudson county for damages for personal in-
juries received by her having stepped into a hole in the side-
walk of Chapel avenue in Jersey City.   Chapel avenue at the
point in question runs through the property of the New York
Bay Cemetery, having sidewalks on either side of the central
driveway.   The part of the sidewalk next to the cemetery
was a graveled path between which and the curb was a strip
of grass plot.   The hole into which the plaintiff stepped was
in this strip where its presence was in a measure concealed by
the growth of grass.

The plaintiff's case as stated in her declaration was that a
post had been placed by the defendant at the spot in question
for use as a hitching post, and that thereafter when the post
was removed the defendant had failed to exercise reasonable
care that the hole should not be permitted to make the high-
way unsafe.

The case was submitted to the jury upon this legal theory
of the defendant's liability, the jury being instructed that

the plaintiff in order to be entitled to damages must establish by testimony the foregoing facts.

There is no valid ground of exception to this instruction. The rule is that if an abutting owner for his own convenience places an object in the public highway, his failure to use reasonable care that the highway be not thereby rendered unsafe makes him liable in damages to users of the highway for injuries resulting from such neglect. *Rupp* v. *Burgess,* 41 *Vroom* 7; 15 *Am. & Eng. Encycl. L.* 419.

The plaintiff in error does not seriously question the soundness of the rule thus charged, but with more show of success urges that there was no direct evidence that the defendant had put the post at the place in question. Nevertheless, this was, we think, a fact that the jury might legitimately find from the evidence. The testimony was that the defendant had been in existence and in possession of this property for over fifty years; that some twenty years ago a row of hitching posts had been placed in the sidewalk on either side of the carriage way; that these posts were set sixteen inches from the curb and were equidistant, being fifty-two feet apart; that the hole in question was sixteen inches from the curb and fifty-two feet from the nearest post in either direction. If the hole was in the place where a post should have been to complete the series, it was a permissible inference that a post had been there; that such post was one of a row of hitching posts placed there by the defendant for the convenience of its lot holders, and that it had rotted off or been otherwise removed a considerable length of time before the accident, since the hole that was left was concealed by the growth of grass about it.

We think this was competent evidence to go to the jury both as to the negligence of the defendant and as to the assumption of risk by the plaintiff. This disposes also of the denials of the defendant's motions for a nonsuit and for the direction of a verdict. The contention that the defendant, either by reason of its statutory objects or the subdivision of its property among its lot holders, was immune from ordinary legal responsibility to users of the adjacent highway is untenable,

either upon general principles or by force of statutory protection in view of the act of March 21st, 1881. *Gen. Stat., p.* 353.

The judgment of the Circuit Court is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GRAY, DILL, J.J.    13.

*For reversal*—None.