EMMA SAVARESE, RESPONDENT, v. EDWARD F. FLECKEN-
STEIN AND ALBERT F. FLECKENSTEIN, APPELLANTS.

Submitted May term, 1933—Decided November 13, 1933.

Before Justices PARKER, LLOYD and PERSKIE.

For the respondent, *William Rubin.*

For the appellants, *Tumulty & Tumulty.*

The opinion of the court was delivered by

LLOYD, J. The plaintiff below instituted an action to re-
cover damages for personal injuries occasioned by a fall on
the sidewalk in front of the premises of the defendants, and
obtained judgment therein in the District Court. The de-
fendants appeal assigning, among others, as grounds for re-
versal, that there should have been a nonsuit or a verdict
directed in their favor.

The alleged claim is based on the following proofs:

The defendants had contracted with an oil burner company
for the installation of an oil burner in their premises and the
contract of installation called for placing the oil tank under
the sidewalk and replacement of the pavement which would
necessarily be opened for the purpose. The oil burner com-
pany subcontracted for the digging and replacing of the side-
walk. After the burner had been installed the sidewalk that
had been removed was refilled with cinders and the sidewalk

permitted to remain in that condition for about three weeks. This resulted in the fill becoming uneven and holes forming to the depth of four or five inches below the adjacent concrete sidewalk and it was these that occasioned plaintiff's fall. The reason for leaving the fill in this condition for a period of three weeks, as explained by the subcontractor, was that he waited until he could get another job in the vicinity.

It is sought to hold the owners of the adjacent premises on the theory that a nuisance was created for which, by reason of the delay of the contractor in making the proper repair, the owners became liable.

We think this contention is unsound. A long line of cases in this state, arising out of varying conditions and circumstances, has clearly defined, as we think, the duty such owner owes to the using public. He is liable for his own acts in negligently endangering such use, and he is liable for like acts of a predecessor in title whose deed he takes with the wrongful results of such acts still subsisting. Illustrative of declaring liability are:

*Weller* v. *McCormick*, 52 *N. J. L.* 470, where the owner plants a tree on the sidewalk; inasmuch as the tree belongs to and is under the control of the owner of the abutting property, he is bound to use reasonable care to prevent it from becoming dangerous.

*Rupp* v. *Burgess*, 70 *N. J. L.* 7, for a drain which he places across the sidewalk to carry water from his premises and which he neglects to keep in repair.

*Kelly* v. *Brewing Co.*, 86 *N. J. L.* 471; *affirmed*, 87 *Id.* 696, for a defective cellar door which he places in the sidewalk as a means of entrance.

*Braelow* v. *Klein*, 100 *N. J. L.* 156, for his negligence in permitting a sidewalk defectively constructed by his predecessor in title to remain in a dangerous condition.

He, however, is of course not responsible for the acts of strangers. He is not liable for the wear and tear of the sidewalk by the use of the public (*McKeown* v. *King*, 99 *N. J. L.* 251), even though a municipal ordinance imposes on him the duty of repair. *Rupp* v. *Burgess, supra.* He is not respon-

sible for the ravages of time (*Weller* v. *McCormick*, 47 *Id.* 397), or the development of vegetation. *Rose* v. *Slough*, 92 *Id.* 233. He is not liable for the acts of an independent contractor who constructs a building on abutting premises and dangerously obstructs the sidewalk as incident thereto. *Mann* v. *Max*, 93 *Id.* 191.

More recent cases in this court consistently reaffirm this standard of duty. In addition to those already cited are *Bush* v. *Margolis*, 102 *N. J. L.* 179; *Ford* v. *Jersey Central Power and Light Co.*, 111 *Id.* 112; *Taggart* v. *Bouldin* (*Court of Errors and Appeals*), *Ibid.* 464.

The case of *Mann* v. *Max, supra*, relied on in the opinion of the court below, seems to us an authority exactly to the contrary of liability. There, as here, there was a contract to do work on the premises abutting a sidewalk. In that case it was the construction of a building; here it was the installation of an oil heating system. Both contemplated certain uses of the sidewalk by the contractor. There the plaintiff struck his head against a beam of a scaffold extending over the sidewalk; here the plaintiff fell over the partly repaired sidewalk, the replacement of which was called for in the contract. The trial judge submitted to the jury to find whether the obstruction of the scaffold was a nuisance, and if so whether it had existed as such long enough for a reasonable owner to notice the fact and take proper steps to abate it. The Court of Errors and Appeals in an opinion by Justice Parker held that this was error, and that no liability of the owner of the property could be predicated on the theory of a duty to abate if it existed there by the act of the independent contractor. The only difference between that case and the present is that here it was a sidewalk which was disturbed in the placing of the oil tank instead of a beam extending over it. When the fill was made, it, like the scaffold, was left in a dangerous condition by the contractor prior to the replacement of the sidewalk as required by the contract. In the one case an affirmative act of negligence, in the other a negative. In principle there is no difference between the two cases. If in the Mann case the owner did not become liable by reason of failure to abate a

nuisance remaining on the sidewalk long enough for such owner to notice the fact and take steps to abate it, he did not become liable for failure to abate a nuisance which an independent contractor had created through neglect to properly tamp or otherwise guard against holes in the incompleted 're-pair of the sidewalk.

Applying the principles resulting we have in the present case a contract made by the owners with an oil burner company for the installation of an oil heating system in their property. It was necessary for the contractor to open the sidewalk for the purposes of the installation. This was not in itself a nuisance. That part of the contract was sub-contracted and the subcontractor left the sidewalk in the condition already described. In this there was undoubtedly evidence from which negligence could be inferred, but it was not the act of the owners. We have, therefore, a clear case of an independent contractor, negligently performing his work. The general scheme of the improvement was of course for the benefit of the owners, but as we have seen the owners are not responsible for the acts of an independent subcontractor, illustrated in many cases. They could only become liable upon the implied adoption of the acts of the wrong-doer, and of this there was no proof. The installation had been but recently completed and the sidewalk not yet replaced. There was no evidence that it had been accepted or even paid for at the time of the plaintiff's fall. If, invoking the doctrine of *Braelow* v. *Kline, supra,* we should hold that acceptance by the owner of the faulty condition of the sidewalk left by the subcontractor imposed a duty on the owners to remedy the defects, the absence of proof of such acceptance precludes its application and brings the owners within the protection of the numerous decisions in which the rules of non-liability first laid down in this opinion are declared.

The judgment is reversed, with costs.

PERSKIE, J. (Dissenting.) With profound respect and deference to my colleagues, I find myself unable to agree with the result reached by them. Their result is predicated

on the following hypothesis: "It is sought to hold the owners of the adjacent premises on the theory that a nuisance was created for which, by reason of the delay of the contractor in making the proper repairs, the owners become liable." Is this so? It clearly appears in the record that the owners were held liable on the ground that the defective condition of the sidewalk continued long enough for them to *"have been put on notice"* and therefore it became their duty to abate it.

The trial judge, sitting without a jury, found as a fact that the condition of the sidewalk was a public nuisance. The proofs fully justified the finding.

The case of *Mann* v. *Max*, 93 *N. J. L.* 191, is cited and urged as supporting the conclusion reached by the majority, *i. e.*, that there is no liability on the part of the owners in the premises. In that case it was held that the owner of real estate abutting upon a highway may become liable for the act of an independent contractor, even though the thing done is itself not a nuisance *where a continuation of the condition complained of for an unreasonable length of time does result in a nuisance.* Mr. Justice Parker, in that case (at *p.* 194) held: "The building was unfinished, and, normally such a scaffold would remain till no longer needed, for the front wall which was under erection; so *the question of its maintenance for an unreasonable time is out of the case."* (Italics mine.)

In the case of *Bush* v. *Margolis*, 102 *N. J. L.* 179 (a resident of Philadelphia, prior to the opening of his summer home in Atlantic City, arranged to have the water turned on, which necessitated the opening of the sidewalk, and an independent contractor was employed to do the work), the court, by then Mr. Justice Campbell, held:

"The work of repair and the protection of the work *not being a nuisance* the contractor alone was liable for the injury resulting from the negligence of himself or his servants unless the employer was in default in selecting an unskilled or improper person as a contractor, and there is no contention here that the respondent was in default in that direction. *Redstrake* v. *Swayze*, 52 *N. J. L.* 129; *Mann* v. *Max*, 93 *Id.* 191." (Italics mine.)

In each of the aforesaid cases, the court clearly pointed out that the question of a nuisance was not involved. In the instant case the question of a public nuisance and the failure to abate it forms the very basis of the result reached.

No one quarrels with the law as announced in the cases cited, in the opinion of the majority, particularly, the more recent cases of *Braelow* v. *Klein,* 100 *N. J. L.* 156; *Openhym* v. *Foeller,* 6 *N. J. Mis. R.* 639; *Ford* v. *Jersey Central Power and Light Co.,* 111 *N. J. L.* 112, and *Taggart* v. *Bouldin, Ibid* 464. But are they applicable to the facts in the instant case?

In the case of *Braelow* v. *Klein, supra,* it was held that one who purchases a property the sidewalk in front of which was then raised about three inches above the other sidewalks on the same city block, and which constitutes a danger to pedestrians passing along the same, *is chargeable with maintaining a nuisance in the public highway if he does nothing to remedy the situation.*

In the case of *Openhym* v. *Foeller, supra,* the plaintiff tripped over a flagstone on the sidewalk in front of defendant's land and was injured by the fall. It was held on *Braelow* v. *Klein, supra,* that the verdict was not contrary to the weight of the evidence.

In the case of *Ford* v. *Jersey Central Power and Light Co., supra,* plaintiff sought to recover damages for injuries sustained in a fall due to an alleged declivity in the gravel adjoining a concrete sidewalk which they allege was due to a hole where a pole for electric wires formerly stood; the proofs, however, showed that the pole had been removed some three years before the accident and did not indicate that the work of removal was improperly done.

It was held that the evidence did not indicate that any act of the company in removing the pole was the proximate cause of the injury. That case follows the case of *Glass* v. *American Stores Co.,* 110 *N. J. L.* 152, which held that a landowner is liable for faulty construction of a sidewalk but not for disrepair due to the wear and tear by the elements.

In the case of *Taggart* v. *Bouldin, supra,* the Court of Errors and Appeals, in a well considered opinion by Chief Justice Brogan, sustained a judgment of nonsuit on the opening of counsel for plaintiff. The court held: "The single question before us is whether, under the opening, the plaintiff should have been nonsuited." The opening of counsel was as follows: "The person who shoveled the snow shoveled it back inside of the property line, that is, off the sidewalk and back on the lawn. * * * In shoveling it in that way, this person piled it up back of the sidewalk line. Between the curb and sidewalk there was more snow. Probably some of this snow had also been shoveled over toward the curb." And further: "If we show that this snow was shoveled off this sidewalk in a negligent manner and put upon this property line or back on the lawn so negligently that a person in the exercise of reasonable care would know that there was a danger of its melting and going on the sidewalk and thereby freezing and causing injury, we feel then that we have established a case for your determination."

The court overruled *Aull* v. *Lee,* 84 *N. J. L.* 155, and reached the result indicated. Neither the question of a nuisance, nor that of an independent contractor was before the court. They were not involved.

Point is made of the fact that at the time of the accident, it did not appear that the work had been accepted or even paid for by the owners. This is not one of the grounds of appeal. Be that as it may, let us reason it out. Why did the work remain unfinished? The subcontractor gave the answer. He said that he was waiting until he could get another job in the vicinity.

How long would the owners be justified in waiting on the convenience of the subcontractor without abating the nuisance? Or, how long could the owners withhold acceptance of the work or payment therefor, without abating the nuisance? Their waiting on the convenience of the subcontractor; their non-acceptance and non-payment (if the latter be true in fact it is not disclosed by the record) did not stop them from the use and benefit of the sidewalk in its then

present condition. They did nothing by way of guarding or warning of the danger incident to the public nuisance existing on their premises. The condition of the sidewalk was reported a few times to the superintendent of the building. The trial judge found as a fact that three weeks was long enough for them to "have been put on notice." This was properly a fact question. The judge held that it was the duty of the owners to abate the nuisance. I think rightly so.

The owners permitted the public at large, including the plaintiff, to use the premises. The premises were hazardous and unsafe. They constituted a public nuisance. The owners owed a duty to the plaintiff to abate the nuisance, within a reasonable time after they had notice thereof, actual or constructive. For the breach of that duty, they should respond to the plaintiff unless, of course, it can be held, in a case of this character, that she was guilty of contributory negligence, or that she assumed the risk.

Defendants raised and argued the defense of contributory negligence. The propriety of asserting this defense in the instant case was not challenged. As a matter of fact the plaintiff replied thereto and asserted that plaintiff was not guilty of contributory negligence. Assuming, but not deciding, under these circumstances, that the defense of contributory negligence may be asserted when the right of action is based on a nuisance, was the plaintiff guilty of contributory negligence as a matter of law that would bar her from recovery simply because she walked over these cinders? I am of the opinion that she was not. *Durant* v. *Palmer,* 29 *N. J. L.* 544. The sidewalk was torn up for the full width, from building line to curb. Other people were walking there. 747 Bergenline avenue, Union City, was a busy thoroughfare. There is nothing in the record to indicate that there was any protective or warning device to pedestrians.

In the case of *Nerney* v. *Stanley-Fabian Corp.,* 106 *N. J. L.* 317 (unloading coal by way of a chute leading from coal wagon over sidewalk), the question of a nuisance was not involved. The court, by late Chancellor Walker, affirmed the opinion of the Supreme Court which held:

"* * * We are not unmindful of the line of decisions holding that a person walking along the sidewalk of the public street is not bound as a matter of law to look for obstructions in the nature of a nuisance; but in the present case that rule is inapplicable, because the plaintiff herself saw that there was an unusual situation ahead; she saw the coal wagon either discharging or about to discharge coal. She saw the chute leading from the coal wagon down over the sidewalk to within a foot or two of the building, and any reasonable being would necessarily realize that the coal was going somewhere, and that there was only one place into which it could go, and that was a hole. Consequently it would seem to have been incumbent on the plaintiff, seeing the situation, to use such care and circumspection as the obvious conditions required."

In the case of *Van Pelt* v. *Sturgis,* 102 *N. J. L.* 708 (plaintiff tripped over a marble block placed on sidewalk by defendant contractor, who was altering and remodelling a bank building), the court held:

"* * * A person walking on the sidewalk of a public street is not required to use the highest care or extraordinary watchfulness, but such reasonable care as one under the circumstances, being reasonably prudent and careful, would exercise and ought to exercise."

"A pedestrian is not obliged to look constantly where he is going, nor to give unremitting attention to his steps, and it follows that he is not guilty of contributory negligence as a matter of law, merely because failing to do so, he falls into a hole or trips over an obstruction in the way. 13 *R. C. L.* 474."

Nor do I think that it can be held, as a matter of law, that the plaintiff had knowledge of the unsafe condition of the sidewalk, or assumed the risk resulting in the injuries sustained by her.

For the foregoing reasons I am of the opinion that the judgment of the court below should be affirmed.