HELEN HEALY, PLAINTIFF-RESPONDENT, v. ARTHUR L. SAYRE AND HARRY L. HAMILTON, AS EXECUTORS OF THE LAST WILL AND TESTAMENT OF MARGARET J. SAYRE, AND ARTHUR L. SAYRE, DEFENDANTS-APPELLANTS.

Argued May 22, 1934—Decided September 27, 1934.

For the plaintiff-respondent, *Bernard Freedman.*

For the defendants-appellants, *William H. Campbell, Jr.*

The opinion of the court was delivered by

CASE, J. The appeal is from a judgment of the New Jersey Supreme Court affirming a judgment of the Essex County Circuit Court in favor of the plaintiff and against the defendants. The action was for personal injuries sustained by the plaintiff on December 1st, 1930, when she fell upon the side-

walk in front of a property in the city of Newark owned by Margaret J. Sayre. Mrs. Sayre died during the progress of the suit, and her executors were substituted in her stead. Her son, Arthur L. Sayre, is brought in as a defendant both individually and as one of the executors.

Mrs. Sayre's building was back a few feet from the sidewalk. It was a combined dwelling and store and was occupied under lease by a tenant who had accepted the function of sweeping and cleaning the sidewalk. The entrance to the store was by concrete steps located on the premises. Into the lowest step were formerly embedded lamp posts, one on each side. Mrs. Sayre was, and had been, in Florida and had no actual knowledge of the events about to be related. In response to a request from a Mrs. Reinhardt, Arthur Sayre gave to the latter the lamp posts upon the condition that she would remove them. Mrs. Reinhardt agreed to that condition and procured the removal on or about November 26th, 1930, by one Demarest. On December 1st, 1930, at eleven P. M., plaintiff, in walking on the public sidewalk in front of the premises, stumbled over some fragments of loose stone and was injured.

It is first contended by the defendants that error was committed by the trial court in admitting, over their objection, certain of the interrogatories propounded to and answered by them without compelling all of the interrogatories and the respective answers to be introduced. That question was considered by this court in *Seinner* v. *Public Service, &c., Transport,* 107 *N. J. L.* 159, wherein it was said that the statute upon which the practice is based (section 140 of the Practice act, *Comp. Stat., p.* 4097) contemplates the introduction of the whole answer unless the parties otherwise agree. The reasoning of that opinion is that the various responses made by a party to a set of interrogatories proposed by the opposing party constitute a single paper designated as the "answer," that the opportunities for striking immaterial questions or irresponsive replies and of amending both the interrogatories and the answers are such that the interrogatories and the answers, as they are at the time of trial, are

presumed in the one case to be material and in the other to be responsive. We consider that that reasoning is sound and conclude that the entire answer, meaning the full set of responses, together with the eliciting interrogatories, should have been admitted or none should have been admitted, the parties not having otherwise agreed. In *Cetofonte* v. *Camden Coke Co.,* 78 *N. J. L.* 662, and *Beakly* v. *Freeholders,* 81 *Id.* 637, such answers as were not admitted in evidence were so clearly not material as to overcome the presumption and the rejection was not harmful error. In the instant case at least some of the rejected interrogatories and responses were, in our opinion, material. For instance, plaintiff introduced the fifth interrogatory propounded to Mr. Sayre: "In what capacity, if any, were you in charge of the aforesaid premises?" together with the response: "Collector." The sixth interrogatory, clearly intended to ascertain whether the function covered by the preceding question was by Mrs. Sayre's employment, was: "Were you employed by the said Margaret J. Sayre to take charge of said premises, or were you her duly and authorized agent?" and the response was in the negative. The subject-matter was material to the issue and modified what went before. The sixth interrogatory and response were rejected. The fact that some of the information contained in the responses that were rejected later came into the case from the lips of witnesses does not free the ruling of its error inasmuch as it was the right of the defendants, some of the matters being admitted, to have the jury know that the remaining responses made by them were disclosed to the plaintiff.

The remaining point on the appeal is that defendants' motion for nonsuit should have been granted. This goes to the meritorious question of whether plaintiff had proved her case.

No complaint is made about the construction or state of repair of the sidewalk itself. It is not shown that the defendants, or either of them, owned the fee in the sidewalk lands. The issue does not involve an alleged nuisance on the private property adjacent to the sidewalk. We can perhaps best

state the theory of plaintiff's action by quoting from her brief on appeal:

"The plaintiff's claim was, and on that theory the case was tried, that these pieces of stone lying on the sidewalk for a long time, an impediment to pedestrians using the sidewalk, constituted a public nuisance and that the defendants, Mrs. Sayre through her son, and Mr. Sayre by his own actions, were legally responsible for the maintenance of that nuisance."

We are, therefore, concerned only with the presence upon the sidewalk of certain materials foreign to the sidewalk and said to constitute a nuisance; and with the defendants' legal liability for the creation and maintenance of that condition.

Although the efficacy of the proofs to sustain the propositions is disputed we shall assume, for the purposes of the argument, that Mr. Sayre was, to the extent of his acts, his mother's agent and that he put himself also in the position of an owner. We shall likewise assume that the defendants had the right to go upon the sidewalk and remove the refuse.

The defendants, then, gave Mrs. Reinhardt the lamp posts upon the condition that she remove them. That was neither the creation of, nor authority for the creation of, a nuisance. It cannot be said that a nuisance was either the necessary, contemplated or probable result of the removal. The posts were private property, located on private property, and the right of defendants to remove them is not disputed. Mrs. Reinhardt secured Demarest to do the work of removal. The inference raised by plaintiff is that Demarest, in doing the work, scattered the *debris* over the sidewalk and left it there. The object to be attained—the removal of the posts to Mrs. Reinhardt's premises—was stipulated; the method and manner were left to Demarest, without supervision or control. Demarest was an independent contractor—independent not only as to Mrs. Reinhardt but also as to the Sayres. When the work is not in itself a nuisance and the injury results from the negligence of such contractor or his servants in the execution of it, the contractor alone is liable, unless the owner is in default in employing an unskillful or improper person as the contractor. *Sarno* v. *Gulf Refining Co.,* 99

*N. J. L.* 340; *affirmed,* 102 *Id.* 223; *Mann* v. *Max,* 93 *Id.* 191. There was no proof that Demarest was an unskillful or improper person. Defendants were not responsible for creating the nuisance.

The remaining fault laid against the defendants is that the refuse was permitted to remain upon the sidewalk. The continuance of that condition is said to have constituted a public nuisance. Knowledge of the condition was not brought home to the defendants but is said to be constructively chargeable to them because the condition existed for several days. Plaintiff seeks to deduce from the cases a rule, upon which she rests, that where a public nuisance exists the owner of a premises is liable for injuries sustained unless he can show that the nuisance was created without any participation by him and that he had no right to enter and abate it. Such a rule, applied to a state of facts comparable to those before us, would make the existence of a nuisance upon a public highway *prima facie* chargeable against an abutting owner unless he disproved by each of two requirements, one that he did not participate in the creation and the other that he had no right to enter upon the highway and abate. The cases from which the rule is sought to be deduced, namely, *Davis* v. *Tallon,* 91 *N. J. L.* 618; *Ingwersen* v. *Rankin,* 47 *Id.* 18; *Freeholders* v. *Woodcliff Land Co.,* 74 *Id.* 355, and *Durant* v. *Palmer,* 29 *Id.* 544, wholly fail to support the argument. We have already found that under established rules the defendants did not create. We conclude further that where a public nuisance consists of the continued presence of foreign materials upon a public sidewalk, part of the highway, an abutting owner not responsible for the creation of the nuisance and without actual knowledge either in himself or his agents of its existence is not rendered liable by the mere fact that he, as such abutting owner, could have entered upon the sidewalk and abated the nuisance had he knowledge of its existence.

The motion for nonsuit should have been granted.

In the learned opinion filed in the Supreme Court is this paragraph:

"At the outset, we cannot but observe that the grounds of appeal and the brief of the appellants fall short of what is required by the rules of this court. It is the duty of counsel for an appellant to point out with particularity to the appellate court the judicial action complained of in the trial court, *stating the page and line of the record where the court below is alleged to have committed error."*

Counsel for the appellants interpreted this as requiring page and line references in his grounds of appeal and he amended his grounds accordingly. It was doubtless the intention of the writer of that opinion to limit the application of the italicized words (italicized by us) to briefs of counsel. For the practical convenience of the court briefs should, in referring to matters in the state of case, give page and line. That degree of particularity is not necessary in the grounds of appeal.

Judgment below will be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, PARKER, LLOYD, CASE, BODINE, DONGES, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 12.