SARAH BLACKMAN, PLAINTIFF-RESPONDENT, v. JANS-SEN DAIRY CORPORATION, A CORPORATION, DEFEND-ANT-APPELLANT.

Submitted January term, 1935—Decided April 6, 1935.

Before Justices LLOYD, CASE and DONGES.

For the plaintiff-respondent, *Fred Feinberg* and *Max Feinberg.*

For the defendant-appellant, *Charles Stockdell Gray* and *Everitt Rhinehart.*

The opinion of the court was delivered by

CASE, J. Plaintiff sued for personal injuries suffered from a fall said to have been caused by a condition of nuisance in the sidewalk at the front of the defendant's premises. The judge, sitting without a jury, gave judgment to the plaintiff, and defendant appeals. The specification of determinations

with which the appellant is dissatisfied includes the court's refusal to nonsuit and to grant defendant's motion for a judgment in its favor.

The brief state of the case settled by the court does not enable us to distinguish with certainty between the recital of the evidence produced and the statement of the court's findings thereon. Our understanding, however, is that the court returns to us as the proofs in the case "that the defendant was, on November 3d, 1932, the owner, in complete possession, of the premises at 261 Ocean avenue, Jersey City, and had acquired title and possession thereto on October 1st, 1930; that the condition complained of existed on the sidewalk at the time when the property was acquired by defendant; that the sidewalk was cement and near the curb line there was a round opening in the cement about twelve inches in diameter and the dirt therein was at least one inch below the level of the cement;" and we understand further that upon those proofs the court based its factual findings as follows: "I found as a factual question that this condition constituted a nuisance, and that it was not due to wear or tear, or action of the elements; that the defendant maintained and adopted this condition; that the plaintiff while walking on the sidewalk fell and injured herself by reason of this condition." The foregoing is the sum total of the evidence and also of the findings thereon except that an award was given for the plaintiff and against the defendant for $150. It is further certified to us that there was a motion by defendant for nonsuit, followed by a refusal and an exception thereon; and that the defendant rested without proof, moved for a judgment in its favor as a matter of law upon specified grounds, was refused and took an exception.

The respondent undertakes to support the judgment upon the theory that the condition of the sidewalk constituted a nuisance, that the nuisance was due to the construction of the sidewalk and that the defendant maintained the nuisance and is therefore liable for the plaintiff's injuries which were caused thereby, citing *Braelow* v. *Klein,* 100 *N. J. L.* 156; 125 *Atl. Rep.* 103; *Monzolino* v. *Grossman,* 111 *N. J. L.*

325; 168 *Atl. Rep.* 673, and *Durant* v. *Palmer,* 29 *N. J. L.* 544. We think that the proved facts do not bring the case within the purview of any of those decisions. They are not comparable to those of Durant *v.* Palmer, wherein there was an unprotected areaway leading to the house basement. The alleged nuisance in the instant case is neither found nor proved to have been a matter of construction and therefore is essentially different from the condition existing in Braelow *v.* Klein. In Monzolino *v.* Grossman the source of the trouble was an awning hung from an adjoining building. We think that the instant case falls rather within the classification of *Ford* v. *Jersey Central Power and Light Co.,* 111 *N. J. L.* 112; 166. *Atl. Rep.* 490, and *Savarese* v. *Fleckenstein,* 111 *N. J. L.* 574; 168 *Atl. Rep.* 850; *affirmed,* 114 *N. J. L.* 275; 176 *Atl. Rep.* 332. It is clear from the proofs that the condition complained of was not created by the defendant but existed prior to the latter's acquisition of the property. The finding by the court below that the defendant maintained and adopted the condition is a conclusion that seems to have no support in the proofs. The round opening, about twelve inches in diameter, in the cement suggests that a pole or a tree may originally have occupied that space, but whether so or not and, if so, at whose instance it was put there or removed does not appear. If the defect was breakage and dilapidation in the cement, and the charge against the defendant is failure to repair, that sets up no case for the plaintiff. *Rupp* v. *Burgess,* 70 *N. J. L.* 7; 56 *Atl. Rep.* 166. All that we have is that there was the hole in the cement and a slight depression of an inch in the earth fill, a condition that existed at the time of the acquisition of title by the defendant and still remains. That, under the cases, is not sufficient to visit liability upon the defendant. The refusal of the motions for nonsuit and direction was error.

Respondent's brief mentions a photograph that was in evidence, but the photograph is not before us and is not recited in the settlement of facts that comes to us in the printed case.

The judgment below will be reversed.