GOLDIE SLUTSKY, PLAINTIFF-RESPONDENT, v. GIMPEL BOHEN, DEFENDANT-APPELLANT.

JACOB (FIRST NAME BEING UNKNOWN AND FICTITIOUS) SLUTSKY, PLAINTIFF-RESPONDENT, v. GIMPEL BOHEN, DEFENDANT-APPELLANT.

Submitted October 5, 1937—Decided April 9, 1938.

Before Justices CASE and DONGES.

For the plaintiffs-respondents, *Jacob Kaplan* and *Max Zucker*.

For the defendant-appellant, *Abraham I. Feltman*.

The opinion of the court was delivered by

CASE, J.  The actions arise out of personal injuries to Mrs. Slutsky resulting from a fall on the sidewalk in front of the defendant's premises.  In the first case Mrs. Slutsky was the plaintiff; in the second, her husband sued for damages incident to the wife's injuries.  The states of demand contained two counts, the first grounding in negligence and the second in nuisance.  At the trial before the judge of the Clifton District Court sitting without a jury plaintiffs abandoned the first counts.

There was evidence from which it could be found that the sidewalk pavement originally consisted of flagstones (still there and in use) laid along the middle of the sidewalk space; that later the pavement was made to extend from curb to flagstones and from flagstones to the property line by the laying of concrete shoulders or extensions; that the inside strip of concrete was so constructed that at about the line of juncture with the flagstones it was from a half inch to an inch and a quarter above the level of the stones and that it was "beveled" or "sloped off" to the flagstone level.

Mrs. Slutsky does not say what caused her to fall; she simply says that she fell.  Her testimony is: "* * * I fell. I wanted to get up myself. I looked, there was a hole and I could not get up because I was badly hurt. * * * I fell. * * * I fell. I fell by the window. * * * By the window. * * * I picked myself up a little bit and I looked and I saw a hole. * * * I * * * fell. I attempted to get up and I saw that it is a hole. * * * I don't know how big. * * * It was a big hole. That is what I know. * * * I knew I fell and there was a big hole. * * * I saw a big hole. * * * I said to Mr. Bloom I fell on a hole." Asked, "did you trip or did you just fall? Did you trip, fall or slide?" she answered, "I fell."  Mrs. Slutsky's attorney, assuming in

his question that which may scarcely be said to have been in the proofs, asked further, "do you know which foot came in contact with that part of the sidewalk that caused you to fall?" She replied, "the left foot." That is the extent of Mrs. Slutsky's testimony on the cause and the manner of her accident. Except for such construction as may be given the question and answer last quoted, Mrs. Slutsky does not describe the movement of her fall. The condition of the walk was testified to at length by various witnesses, but there was no further information given the court upon what caused the fall. We discover nothing in the proofs to sustain a finding that Mrs. Slutsky was tripped or thrown by the inequality in sidewalk levels. The construction of a footwalk in a public highway so out of alignment with the true pavement level as to constitute a danger in its use and the continuation of that condition by the owner of abutting property constitute a nuisance (*Braelow* v. *Klein,* 100 *N. J. L.* 156), but we do not understand that a fall by a pedestrian in proximity to, but not shown to have been caused by, such a condition carries a right of action grounding in the nuisance. The nuisance complained of must be the proximate cause of the injuries incurred. *Ford* v. *Jersey Central Power, &c., Co.,* 111 *Id.* 112.

There is little to show that Mrs. Slutsky's fall was not due to some physical failure on her own part. We shall assume, however, that there was sufficient to sustain an inference by a fact finding tribunal that it was caused by her stepping into a hole in the sidewalk.

It does not appear that the defendant knew of the defect. There is no contention that the hole was left there at the time of the construction of the sidewalk. It was testified by one Cohen that after he had helped Mrs. Slutsky to a seat following her fall, he went back to see what made her fall and "saw a small hole," and by Mandl, a witness produced by the plaintiffs as an expert in the construction of sidewalks, and whose knowledge of the condition of the *locus* was obviously obtained after the event and in preparation for the trial, that he had examined the sidewalk and saw no holes there but that at

one point the "bevel" by which the concrete had been sloped off to the flagstone level "had been chipped away by time"— "It is about eight inches chipped off and the rest will probably go off any day." That testimony was given a year and a half after the accident sued upon. Our study of the testimony discloses no proof that the hole was created by the act of defendant or his predecessor in title and nothing as to the existence of a hole or of anything in the nature of a hole in the sidewalk prior to the happening of the accident. The plaintiffs must prove their case. We think that a factual question of liability was not presented either by the circumstances proved or by the proper inferences to be drawn therefrom. Using the words of the opinion in *Essex Upholstering Co.* v. *Pennsylvania Railroad Co.*, 113 *N. J. L.* 177, 179, "there being no proofs from which it could be found that the defendant * * * either created the nuisance or discovered or, by the exercise of reasonable care, might have discovered it, we conclude that there is nothing upon which the award may rest."

At appropriate stages the defendant had moved for a nonsuit and for a favorable award. We think that the court's refusals constituted error.

The judgment below will be reversed, to the end that a *venire de novo* issue, costs to abide the event.