ANNA STARR AND DAVID STARR, PLAINTIFFS-APPEL-
   LANTS, v. ADELPHIA HOLDING CORPORATION, A COR-
   PORATION OF NEW JERSEY, DEFENDANT-RESPOND-
   ENT.

Argued February 8, 1940—Decided April 25, 1940.

For the plaintiffs-appellants, *Marcus & Levy* (*Louis Santorf,* of counsel).

For the defendant-respondent, *William V. Rosenkrans.*

The opinion of the court was delivered by

PORTER, J.   The trial of this action in the Supreme Court, Passaic Circuit, resulted in a judgment of nonsuit from which this appeal was taken.

The plaintiffs-appellants are husband and wife.   The wife claims that a nuisance existed because of the defective condition of part of the sidewalk adjacent to the defendant-respondent's premises; that because of such condition she fell and was injured while stepping up onto the sidewalk from the street.   She says that her foot slipped from off the beveled edge of the sidewalk at the curb.   She asks damages for her personal injuries and her husband asks for damages *per qoud.*

The proofs established that neither the owner of the premises, the defendant-respondent, nor its predecessors in title had created this nuisance but that in fact a stranger to the title had done so.   It appeared that some utility company, whose identity was not established, had removed a part of the concrete sidewalk at the curb and had erected there a pole for the purpose of carrying its wires, that in resurfacing the concrete around the pole it had beveled the edge of the walk at the curb so that it slanted downwards rather than being at right angles with the perpendicular of the curb, as had been the condition previously.

The rule, as has been previously decided by this court, is that an owner of property abutting on a defective or dilapidated sidewalk which constitutes a nuisance is not liable to persons injured thereon unless the nuisance was caused by his own wrongful act or that of his predecessor in title. *Volke* v. *Olway,* 115 *N. J. L.* 553 and cases therein cited.

The instant case comes squarely within the doctrine of those cases and which are controlling.   The trial court was entirely right therefore in granting the judgment of nonsuit. It is affirmed.

*For affirmance*—THE CHIEF JUSTICE, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 13.

*For reversal*—None.