JOSEPHINE M. MURPHY, PLAINTIFF-APPELLANT, v. FAIR OAKS SANATORIUM, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.

Submitted May 31, 1941—Decided September 19, 1941.

For the plaintiff-appellant, *George W. V. Moy.*

For the defendant-respondent, *Connolly & Hueston.*

The opinion of the Court was delivered by

WELLS, J.   The plaintiff brought her suit in the Union County Circuit Court to recover damages from the defendant as owner of premises known as No. 33 Prospect Street, Summit, New Jersey, for personal injuries sustained by her as a result of falling on the sidewalk adjacent to said premises, caused by her catching her foot in the edge of a hole in the sidewalk.   The trial resulted in a nonsuit, which is alleged as error and the sole ground of appeal.

The first count of the complaint alleges that the defendant negligently permitted the sidewalk to get out of repair and failed to repair it; and that it was of "faulty construction, dangerous, precarious and hazardous condition, which caused plaintiff to fall to the ground," &c.   The second count was substantially the same, with the addition that it alleged that the conduct of the defendant "constituted a nuisance to the public as a whole and to any person or persons lawfully using the said sidewalk as a thoroughfare."   The plaintiff was the only witness to testify to the facts of the happening of the accident.   She said that on the day in question, between 9:00 and 11:00 A. M. she came from her residence which adjoined defendant's property and was walking along Prospect Street on the sidewalk in front of the defendant's property (No. 33 Prospect Street) when the accident happened.   In answer to the request that she tell just what happened she said:

"Yes.   Well, I got as far as—well, I should say about maybe three to six yards or more from my own place, and in front of the thirty-three, and then fell, and after I was able to get up I looked around to see if there was anything that I fell over.   I thought—I didn't see a banana skin, and

I didn't see anything. And I caught my foot on the edge of that hole and fell forward very forcibly, * * *."

She further testified that when she fell she didn't know what it was that caused her to fall but that she looked around to see what she fell over and found the hole in the sidewalk and knew it was the hole because her foot was there; that the hole was as large "as a horse's hoof, or a little larger;" that the sidewalk appeared otherwise to be a smooth concrete sidewalk; that there were spots in the sidewalk at about the place she fell that were "different cement from the old sidewalk." She said she didn't know what caused the hole to be there—nor how long the hole was there but that it had been there "a couple of years."

Plaintiff rested on substantially the testimony hereinabove recited and a nonsuit was asked and granted on the grounds that the defendant, as owner of the property, was not responsible to the plaintiff for injuries caused by defects in a sidewalk occasioned by ordinary wear and tear, nor for injuries caused by other defects in a sidewalk, unless the plaintiff proves that such other defects were caused by the owner or by some special use he made of the sidewalk.

It is clearly established in this state that an owner is not responsible for injuries due to defects in sidewalks caused by ordinary wear and tear.

This court said in *Volke* v. *Otway,* 115 *N. J. L.* 553 (at *p.* 555):

"The mere happening of an accident, and the fact that a sidewalk has been in a defective and dilapidated condition for several years, to an extent that it constitutes a nuisance, does not in itself render an abutting owner liable to the injured party. The burden is on the plaintiff to show that the owner or his predecessor in title participated in the creation of the nuisance. It is entirely settled in this state, that the owner owes no duty to maintain the sidewalk in front of his premises, and is not responsible for any defects therein which are not caused by his own wrongful act. *Braelow* v. *Klein,* 100 *N. J. L.* 156; *Ford* v. *Jersey Central Power, &c., Co.,* 111 *Id.* 112, and *Savarese* v. *Fickenstein,* 111 *Id.* 574; *affirmed,* 114 *Id.* 275."

There was no testimony whatever to show an improper construction or faulty repair of the sidewalk, or how, when or by whom it was constructed, nor that there was any improper use of the sidewalk, with the knowledge and for the benefit of the defendant owner, or in fact, any use by anybody of the sidewalk in a manner not contemplated when it was constructed. The testimony is barren of any proof to the effect that the condition complained of was caused by any act of the defendant. The appellant relies upon and cites the cases of *Kelly* v. *Lembeck & Betz Eagle Brewing Co.*, 86 *N. J. L.* 471; (92 *Atl. Rep.* 282); *affirmed*, 87 *N. J. L.* 696; (94 *Atl. Rep.* 1102), and *Fitzpatrick* v. *Goerke Kirch Co.*, 118 *N. J. L.* 207. The Kelly case was one in which a pedestrian was injured from the springing of a defective cellar door on which he stepped, which constituted part of the permanent structure of the building and was within the line of the street and constituted a part of the sidewalk. It was held that the trial court properly left it to the jury to determine whether the walk was defective so as to charge the owner of the building with negligence.

In the Fitzpatrick case the accident occurred as plaintiff was walking on the sidewalk in front of defendant's store. The claim was that there was a depression in the sidewalk due to faulty construction or maintenance of a section containing small circular light vents intended to admit light through the sidewalk to the cellar below; that this section had sunk, leaving a "jog" in the sidewalk which had caused plaintiff to stumble and fall. The trial court left the question of the owner's liability to the jury to determine.

By citing these cases appellant is apparently seeking to bring the instant case within the exception to the rule enunciated in *Freeholders of Hudson* v. *Woodcliff Land Co.*, 74 *N. J. L.* 355, cited in *Prange* v. *McLaughlin*, 115 *Id.* 116 (at *p.* 118), that the abutting owner is not bound to keep the sidewalk in repair and is not responsible to travelers for defects therein not caused by himself, except "when the condition of the sidewalk is the result of participation by the abutting owner in the creation of such defect by a use thereof for which it is not designed, either by authorizing it or by

making the act or acts creating such defect his own." There is, however, no evidence in the present case to support a verdict on the theory of either the Kelly case or the McLaughlin case.

In both of these cases the owner appropriated part of the sidewalk to a special use in connection with his abutting property.

There was nothing constructed in the sidewalk in the instant case, and neither citation is apposite.

We are of the opinion that the trial court's action in granting a nonsuit was proper. The judgment is therefore affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, THOMPSON, JJ. 16.

*For reversal*—None.