45 N.J. Super. 403 (1957)
133 A.2d 55
IRENE ORLIK AND EDWARD ORLIK, HER HUSBAND, PLAINTIFFS-RESPONDENTS,
v.
MANUEL A. DeALMEIDA AND IRENE DeALMEIDA, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued June 4, 1957.
Decided June 18, 1957.
*405 Before Judges CLAPP, FRANCIS and STANTON.
Mr. Alfred M. James argued the cause for plaintiffs-respondents (Mr. J. Arnold Bressler, attorney; Mr. Louis Steisel, on the brief).
Mr. James J. Langan argued the cause for defendants-appellants (Messrs. Emory, Langan, Lamb & Blake, attorneys; Mr. James B. Emory, of counsel and on the brief).
The opinion of the court was delivered by CLAPP, S.J.A.D.
The plaintiffs, Mrs. Irene Orlik and her husband, recovered a judgment against the defendants in the Hudson County District Court as a result of a fall she sustained when her foot became caught in a hole in a public sidewalk located upon defendants' premises. The proofs indicate that the hole was due to faulty work in the building of the sidewalk, but there is nothing in the record to show that the owner of the premises at the time it was built was responsible for the work. Defendants appeal, presenting a single contention, the point advanced by them on their motions made below for dismissal and judgment, namely, that since plaintiffs had not established that this was work for which defendants or a predecessor in title was responsible, plaintiffs cannot succeed.
Defendants acquired title to the premises five years before the accident; and for at least one and a half years before it occurred the sidewalk had been in poor and broken condition. An expert witness testified that the walk had been constructed 23 to 25 years prior to the accident and that according to the standards of the time the construction was defective in the following respects: the concrete, which should have been four inches thick, had a thickness of only 1 1/2 inches; there were no expansion joints; the pitch was improper; the sub-base had not been properly tamped; and the mix was one part cement, six parts gravel and ten parts sand, intead of one part cement, two and a half parts gravel and four parts sand, as it should have been. To these *406 various structural defects, he attributed the crumbly condition and the holes and cracks that had developed in the sidewalk. The hole in which Mrs. Orlik's foot was caught was 4" long x 1" wide x 1 1/2" deep. Defendants put in no testimony.
An owner of premises who rebuilds or repairs a sidewalk thereon and in so doing fails to exercise reasonable care for the public passage will be chargeable with liability for proximate injuries. Cf. 2 Restatement, Torts, § 350. The books speak of this as a public nuisance (4 Restatement, Torts, 218, scope note; 1 Harper and James, Torts, 65 (1956); Prosser, Torts (2d ed. 1955), 389), because of the affront to the public; but this is a vague concept (4 Restatement, Torts, 216-218; Prosser, supra, 389), and liability, so far as that owner is concerned, can as well be explained in terms of the law of negligence. Cf. Milstrey v. City of Hackensack, 6 N.J. 400, 405, 406 (1951).
Regardless of the owner's liability for his own misfeasance, he is under no duty to rebuild or repair a sidewalk where defects appear in it as a result of the elements or of the wear incident to the public use (Moskowitz v. Herman, 16 N.J. 223, 225 (1954)), or as a result of the acts of third persons (Savarese v. Fleckenstein, 111 N.J.L. 574, 575 (Sup. Ct. 1933), affirmed 114 N.J.L. 275 (E. & A. 1935) (referring to strangers); Starr v. Adelphia Holding Corp., 124 N.J.L. 521 (E. & A. 1940) (utility company); Mount v. Recka, 35 N.J. Super. 374, 382 (App. Div. 1955) (municipality); cf. Healy v. Sayre, 113 N.J.L. 308, 312 (E. & A. 1934)), except where the owner is chargeable for a third person's acts under ordinary principles, such as the principles of agency. As to the situation where an employer of an independent contractor is held for the latter's acts, see Snidman v. Dorfman, 7 N.J. Super. 207, 211 (App. Div. 1950); Savarese v. Fleckenstein, supra, 111 N.J.L., at page 577; Gainfort v. 229 Raritan Avenue Corp., 127 N.J.L. 409, 411 (Sup. Ct. 1941); cf. Restatement, Torts, § 412, 417.
Where the owner is under no duty to rebuild or repair the sidewalk (as, where a stranger constructs a defective *407 walk), then the transfer of the title to the premises does not of itself subject his grantee to any liability. Starr v. Adelphia Holding Corp., 124 N.J.L. 521 (E. & A. 1940); cf. Trondle v. Ward, 129 N.J.L. 179, 184 (E. & A. 1942). For an owner is not liable unless he or his predecessor in title participated in the creation of the nuisance. Volke v. Otway, 115 N.J.L. 553, 555 (E. & A. 1935); Murphy v. Fair Oaks Sanatorium, 127 N.J.L. 255 (E. & A. 1941); Trondle v. Ward, supra; Halloway v. Goldenberg, 4 N.J. Super. 488, 490 (App. Div. 1949); Moskowitz v. Herman, 16 N.J. 223, 225 (1954); cf. Monzolino v. Grossman, 111 N.J.L. 325, 326 (E. & A. 1933), referring to the knowing operation of an awning erected by a stranger (see Blackman v. Jenssen Dairy Corp., 13 N.J. Misc. 290, 292 (Sup. Ct. 1935)).
But if the owner is responsible for faulty work upon the walk, and therefore under a duty to remedy it, his successors in title will be placed under a like duty  at least (we do not decide the point) if the grantee was aware of or in the exercise of reasonable diligence should have discovered the faulty work. Cf. Gainfort v. 229 Raritan Avenue Corp., 127 N.J.L. 409, 413 (Sup. Ct. 1941). The successor's conscience is charged perhaps because of some notion of privity or of a due sense of loyalty to the obligations resting in the chain of his title. The cases say that he adopts the nuisance by taking the deed (Schwartz v. Howard Savings Institution, 117 N.J.L. 180, 183 (E. & A. 1936); McHugh v. Hawthorne B. & L. Assn., 118 N.J.L. 78, 81 (Sup. Ct. 1937); cf. Istvan v. Engelhardt, 131 N.J.L. 9, 11 (Sup. Ct. 1943)), or indeed, that he buys into the nuisance (Trondle v. Ward, 129 N.J.L. 179, 184 (E. & A. 1942)). In such a situation the law imposes upon the grantee a duty to repair even though he is guilty of a pure nonfeasance. It may be said that the grantee buying premises with a sidewalk on it has no more sense of fault where the sidewalk has become treacherous because of a nuisance committed by his grantor's grantor, than in a case where the nuisance is committed by a stranger to the title or where the condition *408 is the consequence of the public wear and tear; he adopts the walk quite as much in one case as in another. However, this is merely an aspect of a doctrine that has but recently been affirmed by the Supreme Court, Moskowitz v. Herman, 16 N.J. 223 (1954); cf. the minority view, 16 N.J., at page 229.
We come then to the question whether there is a presumption, or a rule affecting the burden of proof, which aids the plaintiffs. In the present case, as above observed, there is no proof that the defective work on the sidewalk, undertaken 23 to 25 years before the accident, was performed by or chargeable to one of defendants' predecessors in title. But, it will be asked, is it not so likely that the work was imputable to a predecessor in title that we may presume it? Perhaps over the years, municipalities, the Works Progress Administration, utilities and others whose acts are not properly imputable to the owner, have built or performed work on sidewalks with such frequency that no such presumption can fairly be indulged. It will be observed that the cases attempt to find in the proofs some basis, even though at times not strong, for drawing an inference that the abutting owner or a predecessor in title caused the work to be done. Harrison v. New York Bay Cemetery, 77 N.J.L. 514 (E. & A. 1909); Christine v. Mutual Grocery Co., 119 N.J.L. 149, 152 (E. & A. 1937); Boetsch v. Kenney, 9 N.J. Misc. 390 (Sup. Ct. 1931); Snidman v. Dorfman, 7 N.J. Super. 207, 209 (App. Div. 1950).
In any event it is held that if there is no proof as to who performed the work, there must be a judgment for the defendant. Trondle v. Ward, 129 N.J.L. 179, 184 (E. & A. 1942); cf. Blackman v. Jenssen Dairy Corp., 13 N.J. Misc. 290, 292 (Sup. Ct. 1935); Murphy v. Fair Oaks Sanatorium, 127 N.J.L. 255, 258 (E. & A. 1941). A plaintiff does not make out a prima facie case against the abutting owner merely by putting in proof as to the existence of a nuisance; he cannot thereby throw upon the owner the burden of establishing that neither he nor his predecessor in title is responsible for its creation or continuance. Healy *409 v. Sayre, 113 N.J.L. 308, 312 (E. & A. 1934); but cf. Fasano v. Prudential Insurance Co., 117 N.J.L. 539 (Sup. Ct. 1937). As it is generally put, plaintiff has the burden of proving that the owner or his predecessor in title is responsible therefor. Volke v. Otway, 115 N.J.L. 553, 555 (E. & A. 1935); Slutsky v. Bohen, 120 N.J.L. 102, 105 (Sup. Ct. 1938); Zemetra v. Fenchel Realty Co., Inc., 134 N.J.L. 358 (Sup. Ct. 1946), affirmed 135 N.J.L. 205 (E. & A. 1947); Halloway v. Goldenberg, 4 N.J. Super. 488, 490 (App. Div. 1949); Moskowitz v. Herman, 16 N.J. 223, 225 (1954); but cf. Braelow v. Klein, 100 N.J.L. 156 (E. & A. 1924); Fasano v. Prudential Insurance Co., 117 N.J.L. 539 (Sup. Ct. 1937). The briefs deal with the power of the court to alter the decisional law. However, it is not the function of the Appellate Division to alter a rule solidly supported by the courts of last resort.
Here there is no proof, nor anything to raise an inference, that the faulty work was chargeable to a predecessor in title. Judgment should have been entered for the defendants on their motion.
Reversed, with directions to enter judgment for defendants.