**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4561-15T1

SUSAN P. HARRIS,

    Plaintiff-Appellant,

v.

JERRY LAWRENCE and CAROL LAWRENCE,

    Defendants,

and

OCEAN VISTA CONDOMINIUM ASSOCIATION
and SURF SITE MANAGEMENT, LLC,

    Defendants/Third-Party
    Plaintiffs-Respondents,

v.

A&N SNOW REMOVAL, LLC,

    Third-party Defendant.

_____

        Submitted October 23, 2017 — Decided July 26, 2018

        Before Judges O'Connor and Vernoia.

        On appeal from Superior Court of New Jersey,
        Law Division, Ocean County, Docket No. L-
        1575-14.

        Douglas B. Hanna, attorney for appellant.

Marshall Dennehey Warner Coleman & Goggin, attorneys for respondents (Walter F. Kawalec, III, and Rachel Snyder von Rhine, on the brief).

PER CURIAM

In this sidewalk slip-and-fall personal injury matter, plaintiff Susan P. Harris appeals from a summary judgment dismissing her complaint against defendants Ocean Vista Condominium Association (Association) and Surf Site Management, LLC (Management).[1] After reviewing the record, the parties' arguments, and the applicable legal principals, we reverse and remand for further proceedings.

I

We review the material facts in the light most favorable to plaintiff, the non-moving party, see Hodges v. Sasil Corp., 189 N.J. 210, 215 (2007). Those facts are as follows. Plaintiff rented a condominium from defendants Jerry and Carol Lawrence. In December 2013, plaintiff was injured when she slipped and fell on ice that had formed on a sidewalk located on the Association's property, which abutted a public street in the Borough of Belmar. Plaintiff sued defendants, alleging they had

---

[1] An order was entered previously granting defendants Jerry Lawrence and Carol Lawrence summary judgment and dismissing their complaint; plaintiff does not challenge that order. Plaintiff has conceded defendant A&N Snow Removal, LLC was not liable for her injuries. When we use the term "defendants" in this opinion, we refer solely to Management and the Association.

A-4561-15T1

been negligent by failing to inspect and make the sidewalk safe from ice and snow, and for ignoring a defect in the sidewalk that impeded water from draining from its surface.

The sidewalk was rebuilt in 2002. It is not disputed that, at the time of plaintiff's fall, a local ordinance gave Belmar a fifty foot right-of-way over the street and the subject sidewalk for public use. Although defendants claim the sidewalk was rebuilt by Belmar without their consent or input, there are questions of fact surrounding the circumstances that led to its replacement. While not conclusive, the record indicates the Association's decision to replace the sidewalk was not mandated by Belmar but was voluntary.

A document issued by Belmar in 2002 referred to the "voluntary sidewalk and curb assessment, which [the Association has] been included in." (emphasis added). According to the deposition testimony of Jerry Lawrence, who was on the Association's executive board at the time of plaintiff's fall,

> [i]t was a town contract that some —
> somebody had bid for the whole town, and we
> took advantage of that, and that's when they
> dug [the sidewalk] all up and replaced it
> . . . .
>
> The town allowed us to hire him, the person
> who bid on the whole town, at the town rate.
> [The town] allowed us to hire him to use
> their rate for our sidewalks. . . .

3

> So, apparently, [the town] get[s] a discount for a large volume of work and then they allowed us to use that discount for our small volume.

Lawrence did not recall if Belmar approached the Association about the bid or

> [w]hether [Belmar] advertised in the paper that if — you know, any homeowners had poor sidewalks[,] they could take advantage of this outfit and contact, you know, maybe the building department of the town and get on the list and have that outfit come and look at yours and tell you how much it would be. I believe it was probably a newspaper type of thing where they offered that to the township people. . . . [The Association] agreed to do that.

At or near the close of discovery, defendants filed a motion for summary judgment arguing that, as a residential community, they had no duty to remove snow and ice from an abutting public sidewalk. In support of their argument, defendants relied upon <u>Luchejko v. City of Hoboken</u>, 207 N.J. 191, 195 (2011), in which our Supreme Court reiterated that residential homeowners, including condominium associations, have no duty under tort law to remove snow and ice from abutting public sidewalks.

Plaintiff argued residential property owners are not immune from liability for injuries caused by the negligent construction of a sidewalk that results in a hazardous defect. Plaintiff

4

pointed out she served an expert's report upon defendants that was authored by an engineer, who noted the sidewalk was constructed in such a way that it slopes downward in the area of plaintiff's fall, causing water to pool or pond. The expert opined water cannot escape from this part of the sidewalk, and turns to ice when the temperature drops below freezing. Plaintiff argued defendants should be held liable for the ice that formed as a result of this defect, which she contends was the cause of her fall.

The trial court determined the duty to maintain an abutting sidewalk pertains to owners of commercial property only and, despite the defect identified by plaintiff's expert, found defendants had no duty to make the sidewalk safe because the property was residential in nature. Plaintiff's motion for reconsideration was denied for essentially the same reason, although the court added plaintiff failed to show defendants or their predecessors in title had negligently constructed the sidewalk. The court also determined Belmar replaced the sidewalk and the Association "was simply charged an assessment fee and has not performed any work on the sidewalk since its installation." Finally, the court also rejected the claim defendants are liable for the defect in the sidewalk on the

5

ground that plaintiff failed to plead such claim in her complaint.

## II

On appeal, plaintiff asserts the trial court erred when it rejected her argument that defendants were responsible for the construction defect in the sidewalk, which she maintains was the cause of her fall. She also contends she raised this particular claim in her complaint.

We are mindful the law in New Jersey is that a residential property owner is generally immune from liability for accidents resulting from naturally caused conditions on public sidewalks abutting his or her property. Luchejko, 207 N.J. at 195. Historically, no property owner in New Jersey had a duty to maintain the sidewalks on his lands that abutted public streets. See e.g., Yanhko v. Fane, 70 N.J. 528, 537 (1976). Similarly, property owners had no duty at common law to clear snow and ice from public sidewalks. See e.g., Davis v. Pecorino, 69 N.J. 1, 4 (1975).

In 1981, our Supreme Court revised the common law and imposed a duty upon commercial property owners or occupants to maintain public sidewalks adjacent to the property. Stewart v. 104 Wallace St., Inc., 87 N.J. 146, 157 (1981). Two years later, the Court held commercial property owners have a duty to

6

remove or eliminate the hazards caused by any snow and ice that accumulates on those public sidewalks that abut their land. Mirza v. Filmore Corp., 92 N.J. 390, 395 (1983). In 2011, the Luchejko Court reiterated that residential homeowners, including condominium associations, generally have no duty to remove snow and ice from abutting public sidewalks. Luchejko, 207 N.J. at 201-11.

However, the Court noted residential owners are exempt from liability where they "create or exacerbate a dangerous sidewalk condition." Id. at 210; see also Moskowitz v. Herman, 16 N.J. 223, 225 (1954) (holding the owner of premises abutting a public sidewalk is not responsible for defects caused by wear and tear incident to public use or to the wrongful acts of others, but are liable for the faulty construction of a sidewalk and its continuance); Orlik v. De Almeida, 45 N.J. Super. 403, 406 (App. Div. 1957) (holding "[a]n owner of premises who rebuilds or repairs a sidewalk thereon and in so doing fails to exercise reasonable care for the public passage will be chargeable with liability for proximate injuries.").

We need not dwell at length upon the well-settled principle that courts reviewing summary judgment motions must "consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are

7

sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995); see also R. 4:46-2(c). Courts are not to resolve contested factual issues on competing discovery materials; they are limited to determining from the record whether the alleged factual disputes are genuine. Aqurto v. Guhr, 381 N.J. Super. 519, 525 (App. Div. 2005). If there are disputed material facts, the motion for summary judgment should be denied. Brill, 142 N.J. at 540. We accord no special deference to a trial judge's assessment of the documentary record, and instead review the summary judgment ruling de novo as a question of law. W.J.A. v. D.A., 210 N.J. 229, 237-38 (2012).

Here, we note the complaint did assert plaintiff's fall was caused by a construction defect in the sidewalk. As for the substantive issue, defendants' summary judgment motion is founded on the claim they had no hand in or control over the replacement of the sidewalk on the Association's property, but the record shows there is a genuine issue as to that purported fact. Defendants imply, without support, that Belmar replaced the public sidewalks in the Borough, regardless of whether it had any property owner's consent, and then assessed each owner for the cost. Defendants argue they should not be held

8

accountable for the alleged defect in the sidewalk when they neither authorized nor had any control over who would replace the sidewalk and how it would be reconstructed.

As previously noted, the record indicates that, in 2002, Belmar permitted the property owners in the Borough to make use of the services of a contractor it had retained. An owner that used such contractor would gain the advantage of being charged at a lower rate. The record shows there is a genuine issue of fact as to whether the property owners in the Borough were not compelled to replace the sidewalks on their property.

If what the record reveals is accurate, it was defendants who decided to replace their sidewalk, and they controlled how the job would be completed. In that event, if the construction of the sidewalk in 2002 produced a defect that caused the build-up of ice and it was the proximate cause of plaintiff's injuries, defendants may be liable. Because resolution of the issue is dependent on these material questions of fact, we are compelled to reverse the order granting defendants summary judgment.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9

A-4561-15T1