THE STATE, JAMES J. REDSTRAKE, PROSECUTOR, v. WARREN F. SWAYZE, DEFENDANT.

1. The rule of law is well established that where one employs a contractor exercising an independent employment and hiring his own servants to do a work not in itself a nuisance, the contractor alone is liable for an injury resulting from the negligence of himself or his servants, unless the employer is in default in selecting an unskillful or an improper person as contractor.
2. An employer who seeks to bring himself within this rule, in a case which presents *prima facie* an employment as master and servant, must by proof establish the facts essential to its applicability.

On *certiorari* to Salem Pleas.

This action was originally brought in the court for the trial of small causes. The justice who heard the case rendered a judgment for the plaintiff in the sum of $50.50. Upon an appeal to the Court of Common Pleas, this judgment was set aside, and a judgment entered for plaintiff in the reduced sum of $40, with costs below, but without costs in the Pleas.

The record now comes up from the Court of Common Pleas to be reviewed in this court, upon the following agreed state of facts:

In April, 1888, James J. Redstrake, the above plaintiff in *certiorari,* was the owner of a house and lot on Griffith street, in the city of Salem, New Jersey. There were certain shade trees at that time standing in the sidewalk, near the curb, in front of said house. These trees were unsafe, because of their

decayed condition, and required trimming.   A wire belonging
to a telephone company ran along in front of said property,
under the limbs of said trees, and crossed the said street
diagonally.   The said wire was so placed that the said trees
could not be trimmed without some of the limbs falling on it.
The said Redstrake employed two men to trim part of said
trees, and while they were doing so a limb cut from one of the
trees fell upon the said wire and bent it down.   Redstrake's
attention was called to the fact that the wire in that position
was dangerous to wagons passing along the street, and he then
went to a neighbor's to borrow a rope to tie it up with.   The
wire was then lifted up and tied so as to not interfere with
travel along the street.   Afterwards another man trimmed the
rest of the trees for the wood, by agreement with Redstrake,
and in so doing cut a limb from one of the trees, which fell
upon the wire and bent it down again.   Before the limb was
removed, the wife of the defendant in *certiorari* came along
the said street with a horse and buggy.   The wire caught the
top of the buggy and broke it, and caused the damage for
which the action before the said justice was brought.   Red-
strake was present part of the time while the last mentioned
man was trimming the trees.

Argued at June Term, 1889, before Justices REED, MAGIE
and GARRISON.

For the prosecutor, *C. H. Sinnickson.*

For the defendant, *M. H. Stratton.*

The opinion of the court was delivered by

GARRISON, J.   If the relation of master and servant
existed between the defendant below and the man whom he
employed to trim trees for him, the former cannot escape lia-
bility for the negligence of the latter.   The state of facts
agreed upon by counsel discloses a clear case of negligence in
aid of the presumption to the same effect, which follows the

judgment into this court. Upon the argument, the force of this legal conclusion was sought to be broken by presenting the employe of the defendant in the light of an independent contractor. It is undoubtedly a rule of law, that where one employs a contractor exercising an independent employment to do a work not in itself a nuisance, the contractor alone is liable for an injury resulting from the negligence of himself or of servants hired by him, provided the employer is not in default in selecting as a contractor an unskillful or improper person. *Cuff* v. *Newark and New York R. R. Co.*, 6 *Vroom* 17.

In the case before us, however, the defendant can derive small benefit from the abstract existence of this rule of law. The facts agreed upon present, in the clearest manner, *prima facie* a case of employment as master and servant. If the employer seeks to avail himself of the protection afforded him by the less intimate relation of employer and contractor, it is incumbent upon him, by proof, to establish the facts essential to the applicability of the rule of law he invokes.

There is nothing in the present case to suggest, in the remotest degree, that the man whom the defendant employed was in the exercise of an independent employment. The circumstance that he was to cut the trees for the wood instead of for cash, indicates merely the mode of his payment; it throws no new light upon the nature of his employment. Indeed, the presumption arising from this mode of payment militates against the notion of an independent employment in respect to which the employer had surrendered all control; the parts of the tree to be cut must have been at the election of the employer, else the workman might take the whole tree as his compensation for trimming it. And the question of control over the work, while not conclusive in all cases upon the question of service, is to be regarded as a test of the greatest importance.

The state of the case is silent, also, as to the skillfulness of the person selected by the defendant to do the work for him; the presumption on this record must be that he was unskillful, since he has been adjudged negligent. The selection of such

a person at a time when, from the recent occurrence of a precisely similar accident, the master was charged with the duty of exercising extraordinary care, places the liability of the defendant in the strongest light, and justifies the decision rendered in the court below.

Upon the question of costs, the judgment of the Court of Common Pleas is also correct. The judgment recovered before the justice having been set aside, and a judgment entered for a less amount, the plaintiff was not entitled to costs in the Court of Common Pleas, where he was unsuccessful in maintaining his judgment for the full amount, but he was entitled to retain the costs awarded him in the court for the trial of small causes, where he was successful in obtaining a judgment. *Housel* v. *Higgins*, 18 *Vroom* 72.

The judgment of the Court of Common Pleas should be affirmed, with costs.