LOUIS BRAELOW AND ELIZABETH BRAELOW, RESPOND
ENTS, v. WIGDOR KLEIN, APPELLANT.

Submitted March 24, 1924—Decided May 19, 1924.

1. One who purchases a property, the sidewalk in front of which was then raised about three inches above the other sidewalks on the same city block, and which constitutes a danger to pedestrians passing along the same, is chargeable with maintaining a nuisance in the public highway if he does nothing to remedy the condition.
2. The construction of a sidewalk above the level of the sidewalks in a city block is a nuisance in its inception, and does not cease in the control of subsequent owners of the premises abutting thereon.
3. The refusal of the trial court to permit the jury to view a sidewalk more than four years after the injury to the plaintiff, al-

leged to have been caused by her tripping and falling over the sidewalk, and where it appears that changes in the conditions have been made since the accident, was wholly in the discretion of the court.

On appeal from the Essex County Circuit Court.

For the appellant, *Samuel Roessler* and *Frank E. Bradner.*

For the respondents, *Braelow & Tepper* (*Isidor Kalisch*, on the brief).

The opinion of the court was delivered by

LLOYD, J. The defendant Wigdor Klein was the owner of premises 283 Prince street, in Newark, and Abraham Lemkin was the owner of premises 285 Prince street. In front of both properties paved sidewalks had been laid and the complaint alleges that these sidewalks were so improperly constructed and maintained as to constitute a nuisance. On June 24th, 1919, Elizabeth Braelow, one of the plaintiffs, while walking along and in stepping from the Lemkin sidewalk to the Klein sidewalk, tripped over the latter which was elevated above the sidewalk in front of the Lemkin property. The result was an injury, to recover damages for which the present action was instituted.

At the conclusion of the plaintiff's case a nonsuit was directed as to Lemkin and the trial proceeded against Klein, resulting in a verdict for the plaintiffs.

The rulings of the court that are the subject of this appeal are a denial of a motion to nonsuit, refusal to direct a verdict for the defendant, the admission of two photographs in evidence, a portion of the charge to the jury and the refusal of a request to charge.

Taking up the questions thus raised the motions for a nonsuit and the direction of a verdict in favor of the defendant are first in importance. To properly consider them it must be borne in mind that the element of nuisance charged to the defendant was the gravamen of the complaint. It was contended, and there was proof to establish, that the side-

walk of the defendant Klein was approximately three inches above the sidewalk of Lemkin and above that of other sidewalks in the block; that this created a dangerous menace to users of the footwalk of the street. There was also proof that the condition had existed for a number of years during the ownership by the defendant of the premises 283 Prince street and from which a jury could infer an adoption by him of the condition of the walk when he purchased. We have, therefore, presented the construction of a footwalk in a public highway so far out of alignment with the true pavement level as to constitute a danger in its use and the continuance of that condition by the defendant without any effort on his part to correct the misalignment or to remove the danger. It is difficult to escape the conclusion of law that he would be chargeable with at least maintaining a nuisance in the public highway. The defendant sought to bring the case within the rule as declared by the Supreme Court in *Rupp* v. *Burgess,* 70 *N. J. L.* 7, that there is no duty resting on the owner of premises abutting on a public street to keep the sidewalk in front of his property in repair, but the distinction is obvious. In the one case the whole construction is a nuisance in its inception and does not cease to be such in the control of subsequent owners of abutting property, while in the other the wear and tear of the elements and public use tend to impair and possibly render dangerous a walk that was originally safe and innocuous. For these latter the owner is in nowise responsible, and hence under no obligation to correct. *McKeown* v. *King,* 99 *Id.* 251. The motions for nonsuit and for a direction were properly denied.

The admission of the photographs, which were proven to be correct representations of the sidewalk at the time of the accident, was without just legal criticism, as was also the refusal to permit the jury to view the premises more than four years after the accident, in view of the changes shown to have been made. At best such offers are addressed to the sound discretion of the trial judge, and, in the absence of clear proof that such discretion has been improperly exercised, his rulings thereon will not be disturbed.

The illustration in the charge of a manhole maintained in the sidewalk by an owner of abutting property was within the province of the judge. The purpose and effect of the illustration was to bring to the attention of the jury in clear fashion the distinction between a nuisance created or maintained and a pavement out of repair. In this there was no error.

The fourth specification relates to the portion of the charge in which the court declared that if that was the way the sidewalk was built (above that of the neighboring walk) when this defendant got it he should have abated the nuisance by correcting it, and if he continued to leave it as it then was he was liable to the plaintiff. This was in line with the plaintiff's theory of the case and has already been in effect, passed upon in the portion of this opinion dealing with the motions for a nonsuit and for a direction.

The last complaint is that the court refused a request that if the jury should find the sidewalk of Lemkin was defective, and that this caused the accident it must find for the defendant. This was substantially charged and the jury was left in no uncertainty. In explicit language the charge placed the burden on the plaintiff to prove that Klein's sidewalk was in such a condition that it amounted to a nuisance and that such nuisance was the proximate cause of plaintiff's injuries. This of necessity excluded any thought of liability in the defendant for defects in the sidewalk of Lemkin. If recovery by the plaintiff was dependent on proof that Klein's pavement constituted a nuisance and caused the injuries complained of, the defective condition of Lemkin's sidewalk became unimportant.

The judgment is affirmed.

*For affirmance —* THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, BLACK, KATZENBACH, LLOYD, WHITE, VAN BUSKIRK, CLARK, McGLENNON, KAYS, JJ. 13.

*For reversal—*None.