### SEYMOUR STEINBERG ET AL., PLAINTIFFS-APPELLANTS, v. CHARLES I. SILK, DEFENDANT-RESPONDENT.

Submitted October 11, 1935—Decided February 20, 1936.

Before BROGAN, CHIEF JUSTICE, and Justices LLOYD and DONGES.

For the appellants, *David I. Stepacoff*.

For the respondent, *Collins & Corbin, Edward A. Markley* and *Howard F. McIntyre*.

PER CURIAM.

This is an appeal from a judgment of nonsuit entered in the Middlesex Common Pleas on direction of Judge Lyon. The suit was for injuries sustained by the infant plaintiff, a boy of high school age, when he tripped and fell on the sidewalk in front of defendant's premises in Perth Amboy. The sidewalk was constructed of flagstones and it was testified that they were at different and irregular levels so that there were elevations of varying height between the stones. There was no testimony as to when the sidewalk was constructed but it was proved that it had been in existence for over twenty years and had been in its present condition for a long period of time.

The complaint alleged the construction and maintenance of a nuisance, and the plaintiffs sought to prove a case within the rule of *Braelow* v. *Klein*, 100 *N. J. L.* 156; 125 *Atl. Rep.* 103.

Two points, in substance, are argued. One deals with the exclusion of evidence and the other with the granting of the nonsuit.

With respect to the exclusion of evidence, the grounds of appeal complain of five questions which were overruled and one answer which was stricken, all of which occurred in the examination of Steve Renda, a mason who qualified as an expert witness. No exception was taken to the striking of the answer, nor to the exclusion of four of the questions. The sole question to which an exception was taken was "*Q*. Mr. Renda, what did you find upon the examination of that sidewalk?" However, we deem this ruling harmless because this witness was later recalled and permitted to describe at length the condition of the sidewalk as he found it. There is, therefore, no error in the rulings on evidence.

The principal point deals with the nonsuit. The evidence available to the plaintiffs was that the boy fell on this sidewalk where the flags were uneven; that the sidewalk had been there over twenty years and in its present condition for a large part of that time. The expert testified that the usual method of laying such a sidewalk was to place under the flagstones a layer of gravel or ashes; that he had dug under the stones at the place of the accident and found no such layer for foundation; that for this reason, in his opinion, the sidewalk had been improperly constructed in the first place. However, it is in the evidence that this expert is only twenty-six years of age, and he frankly admitted that he had no knowledge of the approved method of laying flagstone sidewalks twenty or more years ago.

In this posture of the case, we are of the opinion that the plaintiffs had failed to present a *prima facie* case of negligence which the defendant was called upon to answer, that the rule of *Braelow* v. *Klein, supra,* is not applicable, and that the nonsuit was properly directed.

The judgment is affirmed.