ANNA J. GAINFORT, PLAINTIFF-RESPONDENT, v. 229 RARI-. TAN AVENUE CORPORATION, DEFENDANT-APPEL- LANT.

Submitted May 6, 1941—Decided November 27, 1941.

Before BROGAN, CHIEF JUSTICE, and Justices CASE and HEHER.

For the appellant, John C. Stockel.

For the respondent, Heston N. Potts.

The opinion of the court was delivered by

HEHER, J.   On September 30th, 1937, plaintiff fell on the sidewalk fronting the building designated as No. 229 Raritan Avenue, in Highland Park; and she sued to recover damages for the ensuing injury on the hypothesis that the causative agent was a nuisance created or suffered by the defendant

landowner's predecessor in title in the subsidence of a section of the concrete surface between one and a half and two inches below the normal pavement level due to basic structural insufficiency. The jury found for the plaintiff; and defendant appeals from the consequent judgment. Error is now predicated on the denial of defendant's motions for a nonsuit and a directed verdict on grounds presently to be considered.

The building was erected in 1925 by defendant's immediate predecessor in title, one Brennan. He devoted one of the two first floor stores to the hardware business, and had the Standard Oil Company install in the adjacent sidewalk two subsurface gasoline storage tanks and service pumps for the conduct of a filling station. A concrete pavement was then laid; and there is no evidence whatever of a structural defect therein. The equipment remained the property of the Oil Company; and in 1930, at the instance of Brennan, the Oil Company removed one of the tanks and the attached pump and relaid the pavement at that point. In 1934, this particular business failed; and the Oil Company, again at Brennan's request, repossessed the second tank and pump and resurfaced the sidewalk as before. Brennan did not himself participate in the work incident to the removal of the chattels. He testified that, after the replacement, he inspected the work and the pavement was "level as far as" he could "remember." He did not "remember seeing any holes in it." And he had forgotten whether the "unlevel condition came about" during his "occupancy of the property." But evidence was adduced from another witness—an employee of the operator of a drug business in the abutting store premises—that from July 15th, 1934, to May 1st, 1940, "the condition of the sidewalk" was "the same." Later in the same year, 1934, Brennan lost the lands through foreclosure of a mortgage lien, and defendant had succeeded to and held the title when the mishap occurred. It was in evidence that the settlement of the pavement was due to a structural deficiency arising from the Oil Company's omission to provide an adequate base for the relaid concrete slab after the removal of the second tank and pump—one that conformed to standard construction.

The first point made on the brief is that there was an utter lack of proof that "the alleged nuisance was caused by any wrongdoing on the part of the defendant or its predecessor in title."

More specifically, it is said that a stranger to the title, *i. e.,* the Oil Company, was the author of the nuisance, in that the faulty construction was the consequence of its failure "to use cinders or the right quantity thereof;" that the Oil Company "did not remove the storage tank under the sidewalk at the request" of defendant "after Brennan went out of business;" that "it had a perfect legal right" to remove the tank; that it was not defendant's "predecessor in title;" that "there is not an iota of proof that a nuisance was actually created that could be seen and recognized when the work of relaying was finished;" and that Brennan did not participate in the creation of the alleged nuisance, nor did he adopt it. The case of *Starr* v. *Adelphia Holding Corp.,* 124 *N. J. L.* 521, is deemed controlling. We do not think so.

It was fairly deducible from the proofs that the particular equipment was removed by the Oil Company at the instance of the landowner, express or implied. The tanks and pumps were installed under a contract for their mutual benefit and advantage, embodying a provision for their removal and the replacement of the sidewalk by the Oil Company upon the discontinuance of the business. It is the settled rule that he who creates a nuisance in a public highway, or participates in the creation or maintenance thereof, is liable therefor, even though it ensues from work done by an independent contractor. And it follows that there liability for such creation or participation arises where, as here, there is a community of interest and concert of action respecting the matter eventuating in the nuisance. There is, of course, a distinction of substance between such contractor's mere operative negligence in the performance of the contractual undertaking and negligence productive of a result that constitutes a nuisance. Of this, more hereafter.

Secondly, it is maintained that the trial judge erred in holding "on the motion for direction of verdict that the construction of the sidewalk in question was a nuisance *per se.*"

More particularly, it is argued that the "relaying of a sidewalk is not of itself a nuisance *per se* and there is no proof * * * that when" the Oil Company "relaid the sidewalk it was done in a defective and improper manner," and it was "immediately and from thenceforth a nuisance;" that, "on the contrary, Brennan testified that when the sidewalk was relaid it was relaid level and in a satisfactory manner;" that he (Brennan) "was not there when the work was done," and had no means of determining whether the Oil Company had "put cinders under the foundation;" that "when the work was done it was either a public nuisance or no nuisance at all," and there was no proof of nuisance at that time, since "the testimony is that the walk was laid without holes and in a satisfactory manner;" and that the trial judge erred "when he said in effect that that which was not a nuisance *per se* when constructed may later become a nuisance *per se* because of alleged improper work and materials when the construction took place, which subsequently caused a change in the work itself." This point is not well taken.

Whether the trial judge, on the motion to direct a verdict, erred in classifying the asserted condition as a nuisance *per se* rather than *per accidens* is a matter of no moment. Such classification has reference to the proof and not the remedy. In the former the right to relief is established by proof of the "mere act," while in the latter proof of "the act and its consequences" is necessary. *Cooley on Torts* (*4th ed.*), § 405. The essential inquiry is whether there was any evidence of a common nuisance of the character pleaded, attributable to the defendant. Granting that the sidewalk was "relaid level" and "without holes," the work was not done "in a satisfactory manner." It was structurally faulty, so much so that subsidence to an extent constituting a public hazard was a probability, if not indeed a certainty, in the course of time; and therefore the condition was a nuisance in legal intendment. It resulted from a structural defect and not from the wear and tear of the elements or public use. *Rupp* v. *Burgess,* 70 *N. J. L.* 7; *Braelow* v. *Klein,* 100 *Id.* 156; *Glass* v. *American Stores, Inc.,* 110 *Id.* 152; *Ford* v. *Jersey Central Power, &c., Co.,* 111 *Id.* 112; *Savarese* v. *Fleckenstein,* 111 *Id.* 574;

*affirmed,* 114 *Id.* 275; *Prange* v. *McLaughlin,* 115 *Id.* 116; *Schwartz* v. *Howard Savings Institution,* 117 *Id.* 180; *Fasano* v. *Prudential Insurance Co.,* 117 *Id.* 539; *Lindner* v. *Michel,* 125 *Id.* 409; *Murphy* v. *Fair Oaks Sanatorium,* 127 *Id.* 255.

The case of *Sarno* v. *Gulf Refining Co.,* 99 *N. J. L.* 340, cited on this question, is not in point. There, the evidence revealed negligence by an independent contractor in the work of removing a 550-gallon gasoline tank from underneath the sidewalk, whereby the gasoline content escaped and flowed along the gutter into a sewer basin and exploded. Negligence was found in the "manner of operation" of the contractor's employees, *i. e.,* in their failure to "stop the flow of the fluid, or to impede its unrestricted flow into the sewer," and the principle applied was that "where the owner of lands undertakes to do a work, which in the ordinary mode of doing it is a nuisance, he is liable for any injuries which may result from it to third persons, though the work is done by a contractor exercising an independent employment, and employing his own servants; but when the work is not in itself a nuisance, and the injury results from the negligence of such contractor or his servants in the execution of it, the contractor alone is liable, unless the owner is in default in employing an unskillful or improper person as the contractor,"—citing *Cuff* v. *Newark and New York Railroad Co.,* 35 *Id.* 17.

We have no occasion to determine whether a landowner is liable for the continuance of such nuisance created by his predecessor in title, even though he is unaware that the hazardous condition of the sidewalk is due to such structural defect and not to normal wear and tear or the elements, and it is not discoverable by the exercise of reasonable care. *Vide Morris Canal and Banking Co.* v. *Ryerson,* 27 *N. J. L.* 457; *Beavers* v. *Trimmer & Cole,* 25 *Id.* 97; *Pierson* v. *Glean,* 14 *Id.* 36; *Fuller* v. *Andrew,* 230 *Mass.* 139; 119 *N. E. Rep.* 694; *Leahan* v. *Cochran,* 178 *Mass.* 566; 60 *N. E. Rep.* 382; *Penruddock's Case,* 5 *Coke* 100. The point has not been raised by appellant. Such a rule would subject the landowner to liability for all injuries ensuing from sidewalk defects traceable to negligence in construction as a probable

hypothesis, although in all seeming the result of normal wear and tear and so not chargeable to the wrongful act of the landowner or his predecessor in title. Compare *Schwartz* v. *Howard Savings Institution, supra.* In *Braelow* v. *Klein, supra,* for example, the defect was a patent nuisance. As originally constructed, the defendant's sidewalk "was approximately three inches above the sidewalk" of the adjoining owner, "and above that of other sidewalks in the block."

The judgment is accordingly affirmed.