JOHN ISTVAN, PLAINTIFF-RESPONDENT, v. DAVID ENGELHARDT, DEFENDANT-APPELLANT.

JULIA ISTVAN, PLAINTIFF-RESPONDENT, v. DAVID ENGELHARDT, DEFENDANT-APPELLANT.

Argued October 5, 1943—Decided October 29, 1943.

Before Justices CASE, DONGES and PORTER.

For the plaintiffs-respondents, *Harold J. Sklarew*.

For the defendant-appellant, *Sanderson & Engel* (*Frederick W. Engel*).

The opinion of the court was delivered by

CASE, J. The plaintiffs below, respondents here, are husband and wife. The wife sued for personal injuries received from a fall on the defendant's sidewalk. The husband sued *per quod*. The actions were consolidated for trial in the District Court, and the appeals by defendant from the judgments

for the plaintiffs are consolidated for argument here. The *situs* of the accident was the sidewalk in front of the premises then and for twenty-one years last past owned by the defendant. The adjacent building housed a bakery shop on the ground floor and living apartments above. Defendant operated the bakery until three years ago and still resides in one of the upstairs apartments. Tree roots had caused two slabs of the concrete sidewalk to be at unequal levels. Plaintiff tripped and fell at the point of juncture. About twelve years before the accident builders employed by the defendant to do some work on the front of the building had superimposed a quantity of concrete upon the easterly slab across the whole width of the sidewalk after the fashion of a miniature ramp. Obviously the purpose was to graduate the approach from the lower to the higher slab. Defendant admitted employing the men to do the work on the front of his building but denied that he had given any instructions about the sidewalk. He further denied that he had knowledge of the work contemporaneously with the doing of it, although he admitted that he was in the bakery shop at the time and concedes that he had knowledge immediately after the work was done and made no effort at any time to have the concrete filling removed. At the time of the accident the westerly slab was higher than the supplemental concrete elevation placed upon the other by approximately one and one-half inches on the property side and two or two and one-half inches on the curb side. The proofs are such that in our opinion the additional layer of concrete may fairly be considered as a factor in the circumstance of the accident; and this injects into the case other elements of law than would have been present had the irregularity of the sidewalk been caused solely by the spreading roots of a tree or by action of the elements or by public use.

Appellant's first point is that the trial court erred in refusing to grant a motion for directed verdict asked by the defendant on the ground that the testimony did not establish any liability on his part. We find no error in that ruling. It is said that the defendant's testimony that he had given no instructions to make the sidewalk changes and had no con-

temporaneous knowledge while the work was in progress is not controverted. But that testimony, having in mind the general employment of the workers and the close physical proximity of the defendant while the work was being done, had elements of incredibility. A fact finding body is not necessarily bound by uncontraverted evidence which is readily susceptible of conflicting inference. (*Cf. Tennant* v. *Jersey City,* 123 *N. J. L.* 200.) It was for the jury to determine under the circumstances in proof whether the work had been done without the defendant's authority or contemporaneous knowledge. Clearly it was done for his benefit. Further, we conceive that it was a fact question whether, aside from the giving of authority or the having of contemporaneous knowledge of the construction, the defendant adopted as his own that which had been thus placed upon his property for his benefit. There seems to be no sound reason why, if a new owner in continuing a nuisance that had been instituted by a predecessor owner may be held liable for injuries consequent upon the maintenance of the nuisance (*Cf. Braelow* v. *Klein,* 100 *Id.* 156), an owner may not be liable for the maintenance of a nuisance constructed during his ownership upon his property by others in his employ for his benefit and knowingly permitted by him to be continued over a long period of years. The foregoing is upon the assumption that the repair work when originally done constituted a nuisance; and the fact thus assumed was for jury determination. The defendant's testimony on the subject of the condition in which the sidewalk was left after the making of the repairs was confused; but it is susceptible of the construction that the condition then was as the photographic exhibits showed it to be at the time of the trial; and those exhibits, with oral testimony explanatory of the same, disclosed a condition which the jury could find constituted a nuisance. Therefore, inasmuch as the proofs present factual doubts on whether this condition was or was not set up by the defendant's agents and whether or not the defendant, regardless of the perpetrator, adopted the condition as his own, the case was properly sent to the jury. This conclusion is not, we think, out of line with *Volke* v. *Otway,* 115 *Id.* 553.

It is next contended that the court erred in thus charging

the jury: "The first thing for you to determine is whether the defendant is guilty of negligence in maintaining a nuisance on these premises in which the sidewalk was kept negligently and wrongfully in disrepair." It is said that the court in those words charged that a state of negligent and wrongful disrepair in fact existed. We think that the language is not fairly susceptible of that construction. In our view the judge in effect charged the jury that it was for them to determine whether the defendant had negligently and wrongfully failed to repair the sidewalk and in so doing had maintained a nuisance. So viewed, the charge was without error.

It is further said that the court erred in charging that it was for the jury to determine whether from all the evidence the patch of concrete was put in by the owner and with his consent or not. We have already indicated our conclusion that the evidence on this question was sufficient to go to the jury.

Finally, the appellant complains that the trial court failed to charge that "if a third person did the work without any instructions from the defendant there would be no liability on the part of the defendant." There was no request to make such a charge and therefore the question is not properly before us. *Malinowski* v. *Phillips,* 104 *N. J. L.* 130; *Renner* v. *Martin,* 116 *Id.* 240. Defendant, after the jury had retired, noted as an objection that the court had not charged in that manner but made no request to have the jury recalled and so charged. *Tobish* v. *Cohen,* 110 *Id.* 296, 302. Moreover, the suggested matter, as thus broadly stated, is not legally sound.

The judgment below will be affirmed.