Plaintiff appeals from a judgment in favor of defendant, entered in the Cape May County Court, upon a dismissal granted on defendant's motion at the close of plaintiff's case.
The complaint alleged that the plaintiff while a pedestrian in front of defendant's premises in December, 1944, was injured when he stepped into a hole in the sidewalk. It further alleged that this hole existed prior to defendant's acquisition of title and was negligently repaired by the defendant through her agent, one Jack Goldenberg, the defendant thereby maintaining a nuisance. The evidence showed that this hole in the sidewalk existed in 1940; that "it looked like a pole had been taken out;" that it then was at least three inches deep, and at most four inches deep, and about thirteen inches in diameter; *Page 490 
and that it had a dirt base. There was no evidence as to when or by whom the hole was created. In 1942 Jack Goldenberg, the defendant's son, filled the hole with dirt and cinders, but this fill washed out in about three months. Then the son filled the hole with a mixture of sand and cement, and at the time of the accident the cement filling was still there but had dropped somewhat from the level of the sidewalk. The condition of the hole, however, at the time of the accident was not as bad as it was in 1940 before the repairs were made.
Plaintiff argues that the court below erred in granting the dismissal, because the jury could have found that the defendant participated in and maintained a nuisance by her negligent repair of the sidewalk and because the jury could have found the defendant liable for negligence in making the repairs.
We think the action of the trial court was proper, even if we assume, as plaintiff contends, that there was evidence that the sand and cement mix used by the defendant's son in the second attempt at repair was not a standard mix for such a repair. There was no evidence that the defendant, or any predecessor in title, was chargeable with any act which created the hole. CompareGainfort v. 229 Raritan Avenue Corp., 127 N.J.L. 409 (Sup.Ct. 1941). Without proof that the nuisance was created by a wrongful or negligent act of the defendant or a predecessor in title, she, although the owner of the property, was under no duty to repair the condition. Murphy v. Fair Oaks Sanatorium,127 N.J.L. 255 (E. A. 1941). The mere happening of an accident and the fact that a sidewalk has been in a defective and dilapidated condition for several years, to an extent that it constitutes a nuisance, does not in itself render an abutting owner liable to the injured party. Volke v. Otway, 115 N.J.L. 553
(E. A. 1935).
There being no duty to repair, defendant incurred no liability by attempting a repair, unless the attempt resulted in the bringing into being of a different or greater danger which was the proximate and producing cause of the accident. Schwartz v.Howard Savings Institution, 117 N.J.L. 180 *Page 491 
(E. A. 1936); McHugh v. Hawthorne Building LoanAssociation, 118 N.J.L. 78 (Sup. Ct. 1937). The law will not punish this defendant merely because she did not achieve perfection or use the best possible means of sidewalk repair.Schwartz v. Howard Savings Institution, above.
The judgment under appeal is affirmed.