Marguerite Jensen appeals from a judgment in favor of Joseph Slovenz, Sr., entered on a motion *Page 449 
to dismiss made at the conclusion of the plaintiff's case. The complaint alleged that on December 30, 1946, the defendant was "the owner of and had possession and control of a building" at 16 Randall Street, Keansburg, N.J.; that on that date plaintiff lawfully on Randall Street was thrown and injured because of defendant's negligence in permitting a plank to project over and obstruct the use of the sidewalk and in failing to warn plaintiff of the dangerous condition. Another count in the complaint was based upon an allegation that the defendant created and maintained a nuisance by reason of the presence of the plank projecting over and obstructing the sidewalk. The defendant's answer admitted ownership, possession and control of the premises and denied all other allegations of the complaint and set up the defense of contributory negligence. The pretrial order limited the issues as follows: "A. Plaintiff admits that this is a negligence case and also a nuisance case. * * * B. Defendant contends that the relationship existing between the defendant and the person who was building the house was that of an independent contractor and are not liable on that basis."
There was testimony in the case that plaintiff passed 16 Randall Street in going from her house to that of a neighbor; that when running back to her house she struck the plank overhanging the sidewalk; that sometime prior thereto she heard the defendant tell one of the workmen that he (the defendant) wanted the bathroom door in the living room and not in the kitchen.
Plaintiff's additional testimony, the purport of which was that the door was put in the living room and not the kitchen was, on objection, stricken from the record. We think that it should have been allowed to stand and that there was error in striking it.
The court below proceeded upon the assumption that the burden was upon the plaintiff to show that the workmen were not independent contractors. The reasoning seems to be that because that was stated to be an issue in the pretrial order, it thereupon became the plaintiff's burden to overcome that issue as a part of her case. We are referred to the case *Page 450 
of Welfare v. London B.R. Co. (1869), L.R. 4 Q.B. 693, as supporting authority but a reading of the case stamps the language relied upon as dicta. Moreover, the rule in this state is that where an employer seeks to escape liability on the theory that damage was caused by an independent contractor "it is incumbent upon him, by proof, to establish the facts essential to the applicability of the rule of law he invokes." Redstrake v.Swayze, 52 N.J.L. 129 (Sup. Ct. 1889); affirmed, 52 Id.414.
We have examined the rulings on evidence to which the second point in appellant's brief is addressed and find no error therein.
The judgment under appeal is reversed. *Page 451