7 N.J. Super. 207 (1950)
72 A.2d 795
CLARA SNIDMAN, APPELLANT,
v.
IDA DORFMAN RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued April 10, 1950.
Decided April 19, 1950.
*208 Before Judges JACOBS, DONGES and BIGELOW.
Mr. Herbert H. Gorson argued the cause for appellant (Messrs. De Brier & Gorson, attorneys).
*209 Mr. John Lloyd, Jr., argued the cause for respondent (Messrs. Lloyd & Horn, attorneys) (Mr. Henry P. Megargee, Jr., on the brief).
The opinion of the court was delivered by BIGELOW, J.A.D.
The plaintiff sued for damages for personal injuries sustained in a fall on a defective sidewalk. The action was tried before a jury in the District Court and ended in a dismissal at the conclusion of the plaintiff's case. The plaintiff appeals. Briefly the facts that the jury might have found are these:
Plaintiff, a woman 65 years old, was walking along Vermont Avenue, in front of the Vermont Apartments, when her shoe caught in a hole or depression in the sidewalk, causing her to fall. The sidewalk, extending from the curb to the apartment building, was of cement cut into large squares. One of the squares had needed repair where it joined the next square. So someone with chisel or hammer removed or roughened the surface and then put in a cement patch. Part of the patch  a piece two or three inches across  eventually came off, leaving the depression in which plaintiff's foot caught.
The inference might properly be drawn that the sidewalk was patched by the servants of the abutting owner, or by an independent contractor engaged by the owner. Harrison v. New York Bay Cemetery, 77 N.J.L. 514 (E. & A. 1908); Christine v. Mutual Grocery Co., 119 N.J.L. 149 (E. & A. 1937). There was no evidence from which the jury might conclude that the work was done by a servant rather than a contractor. Indeed, common experience points to an independent contractor, since few apartment house owners use their own employees for sidewalk repairs. This view of the matter is not out of harmony with Jensen v. Slovenz, 5 N.J. Super. 447 (App. Div. 1949), which followed Redstrake v. Swayze, 52 N.J.L. 129; affirmed, Id. 414. These cases hold where the plaintiff proves a prima facie case of master and servant, that if the defendant claims that the real relation *210 was one of employer and contractor, he has the burden of proving it. In the case before us, no prima facie case was made out of the master and servant relation as distinguished from that of employer and independent contractor.
There was evidence tending to prove that the patch was put on the sidewalk at a time when defendant owned the Vermont Apartments. Defendant testified at the trial December 9, 1949, that she had owned the property two or three years, and that she herself lived in one of the apartments. Chanese, an experienced cement contractor, testified that in his opinion the repair work had been done several months back; he did not think it could have been done "several years ago." There was also testimony by one Stumacker from which it might be inferred that the patch had broken away, leaving the hole in the sidewalk, very shortly before Christmas, 1948. This was five months before the accident occurred, May 14, 1949.
Chanese further testified that the sidewalk had not been repaired in a skillful, proper manner. The repairman should have cut away the old cement to a depth of three or four inches,  as deep as the old cement, and then the new cement would have held fast; but actually he chiselled the old cement away very little and his patch was only an inch thick and that was the reason the patch did not stick in place but came off, leaving the dangerous depression. Chanese also stated that the hole, after the patch was gone, was bigger than it was prior to the making of the repair. Chiselling to prepare the walk for the patch naturally deepened the hole.
The action was dismissed on the ground that the defendant did not appear to be answerable at law for the defective condition of the sidewalk. A property owner owes no duty to the public to build or maintain the sidewalk in front of his premises and is not responsible for defects therein which are caused by the action of the elements, or by wear and tear incident to the public use of the walk. Rupp v. Burgess, 70 N.J.L. 7 (Sup. Ct. 1903); Volke v. Otway, 115 N.J.L. 553 (E. & A. 1935). There is no evidence that the dilapidation of the sidewalk which occasioned the patching to be done, *211 was caused by anything other than rain and frost and ordinary use, and so the defendant cannot be held liable for that condition. But where the abutting owner, although not obligated to construct a sidewalk, does so in such style that it is hazardous to pedestrians, it is a public nuisance and the owner is liable. Braelow v. Klein, 100 N.J.L. 156 (E. & A. 1924). And the owner, attempting to repair an existing sidewalk, or to correct some defect therein for which he is not responsible, may create a nuisance for which he is responsible. Istvan v. Engelhardt, 131 N.J.L. 9 (Sup. Ct. 1943). He is responsible if the facts are such that one may fairly say that the owner was the maker of the condition which was the proximate cause of the accident. But mere failure fully to correct the old condition is not a sufficient basis for liability. The sidewalk, after the attempt to repair, must be more dangerous than before, or the new hazard must be different from the old, else the defendant is not liable. Halloway v. Goldenberg, 4 N.J. Super. 488 (App. Div. 1949).
The proofs in the instant case were such that the jury might have concluded that the defect in the sidewalk which brought about plaintiff's fall, was the result of the repair work, so that defendant would be liable within the rules we have just discussed. It seems to us immaterial that the hazardous condition may not have come into being when the repair was first made, but some weeks later when the patch broke off, for the condition resulted  at least the jury might have so determined  from faulty work and not from ordinary use.
Defendant is not saved from liability by the fact that the work may have been done by an independent contractor, for it was done in such manner as to create a nuisance. The owner, by engaging the contractor to do the work, and by taking no steps to abate the nuisance, made herself a participant in its creation or maintenance, and hence is liable therefor. Gainfort v. 229 Raritan Ave. Corp., 127 N.J.L. 409 (Sup. Ct. 1941); Istvan v. Engelhardt, supra. The cases on which defendant relies are cases in which, at the time of *212 the accident, the contractor was still in control and the work unfinished; and in which the owner was charged with negligence rather than the maintenance of a nuisance. Mann v. Max, 93 N.J.L. 191 (E. & A. 1919); Saverese v. Fleckenstein, 111 N.J.L. 574; affirmed, 114 Id. 275 (1935).
In our opinion, the court below should have denied the motion to dismiss. The judgment is reversed to the end that there may be a new trial.