34 N.J. Super. 593 (1955)
113 A.2d 69
MARY LONGI AND PETER LONGI, PLAINTIFFS-RESPONDENTS AND CROSS-APPELLANTS,
v.
RAYMOND-COMMERCE CORPORATION, A NEW JERSEY CORPORATION, DEFENDANT-RESPONDENT, AND CITY OF NEWARK, A MUNICIPAL CORPORATION, DEFENDANT-APPELLANT AND CROSS-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 7, 1955.
Decided March 23, 1955.
*597 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Thomas M. Kane argued the cause for the defendant-appellant and cross-respondent (Mr. Vincent P. Torppey, Corporation Counsel, attorney).
Mr. Harry Cohn argued the cause for the plaintiffs-respondents and cross-appellants.
Mr. Victor C. Hansen argued the cause for the defendant-respondent (Messrs. Mead, Gleeson, Hansen & Pantages, attorneys; Mr. Robert L. Clifford, on the brief).
The opinion of the court was delivered by FREUND, J.A.D.
The plaintiff, Mary Longi, a pedestrian on Raymond Boulevard, in the City of Newark, tripped and fell over a raised concrete slab in the sidewalk abutting the Raymond-Commerce Building, sustaining injuries. This suit was brought by her and her husband, Peter Longi, to recover damages from the City of Newark as owner of the land and from the Raymond-Commerce Corporation as lessee. At the conclusion of the plaintiffs' case the court, on motion of the lessee, entered judgment in its favor and against the plaintiffs on the ground that there was no proof that it could be held responsible for or charged with the condition which *598 caused the accident. The plaintiffs' case against the city was submitted to the jury, which rendered a verdict of $5,000 in favor of Mary Longi, and of $2,935 in favor of Peter Longi, which latter was by consent reduced to $1,935.
The city had filed a cross-claim against the lessee, alleging that under the terms of the lease it agreed to make repairs to the sidewalk, and to indemnify and hold the municipality harmless from claims arising from accidents thereon. On motion of the lessee, the court entered judgment in its favor and against the city on the ground that the injury resulted from an act of the city, not encompassed by the lease provisions.
There are two appeals before us: The city appeals from the judgment entered for the plaintiffs and from the dismissal of its cross-claim against the lessee. The plaintiffs cross-appeal from the dismissal of their cause of action against the lessee.
The city is the owner of a plot of land extending from Commerce Street to Raymond Boulevard. On December 31, 1928 it entered into a lease for a term of 50 years with Abraham E. Lefcourt, under the terms of which a 20-story office building was to be, and later was, erected on the premises. On October 7, 1931 he assigned the lease to the defendant, Raymond-Commerce Corporation, which is still in possession and control of the premises. The lease obligates the tenant to make all repairs to the sidewalks adjacent to the premises, and to indemnify and hold harmless the municipality from any and all claims arising out of the lessee's conduct and management of the premises and adjacent sidewalks. In 1932, subsequent to the execution and assignment of the lease, the municipality, in connection with the construction of a subway under Raymond Boulevard, tore up the sidewalk along Raymond Boulevard. Upon completion of the project, a new sidewalk was laid by the city.
On September 27, 1951 Mary Longi tripped and fell over the raised edge of a concrete slab in the sidewalk. At the trial, the plaintiffs adduced testimony that the new sidewalk had been so improperly constructed that one section *599 became depressed, causing a difference in elevation which constituted a "tripping hazard" and public nuisance. The municipality offered testimony that the sidewalk had been laid according to accepted standards, but its own engineers admitted that no provision had been made by the use of reinforced concrete or otherwise to take care of the effect upon the sidewalk of natural settling and vibration from the subway.
The appeal from the judgment in favor of the plaintiffs may be readily disposed of. The claim of the plaintiffs was based on active wrongdoing or creation of a nuisance. The obstruction or dangerous condition of a public highway constitutes a nuisance, and the liability of a municipality for the creation thereof by its own positive misfeasance is firmly settled. Milstrey v. Hackensack, 6 N.J. 400 (1951). For a collation of recent cases and annotation on the specific subject of sidewalks and depressions therein, see Parker v. Denver, 128 Colo. 355, 262 P.2d 553 (Sup. Ct. 1953); 37 A.L.R.2d 1177.
The fact that under the lease the lessee was obligated to repair the sidewalk did not relieve the municipality as owner from discharging its duty to lawful users of the highway to refrain from creating a nuisance or from active wrongdoing. Gainfort v. 229 Raritan Avenue Corp., 127 N.J.L. 409 (Sup. Ct. 1941). In the instant case, the municipality having removed and relaid the sidewalk, a question of fact was presented, and there was no error in the submission of the case to the jury. Further, in view of the injury, the verdicts were not so excessive as to warrant our interference therewith.
The municipality seeks to minimize the weight of the expert testimony given by Mr. Sheffield for the plaintiffs by pointing out that the answer to the hypothetical question asked him had to be based on the testimony of Mr. Whippen, the city engineer. At the trial the city's attorney first objected to the question, but after examining Sheffield concerning his knowledge of Whippen's testimony, apparently he felt satisfied because he then stated, "All right, no further *600 questions." In light of the record, he must be held to have either withdrawn his objection or not to have regarded the evidence adduced as materially prejudicial.
As to the plaintiffs' cross-appeal from the judgment in favor of the lessee: The covenant to repair is a continuing covenant applying to the premises in the possession of the lessee and included the new sidewalk laid by the city during the term. 51 C.J.S., Landlord and Tenant, § 368(c), p. 1095. For breach of contractual undertaking between the lessor and the lessee alone, there would be no liability to the plaintiff, Clyne v. Helmes, 61 N.J.L. 358 (Sup. Ct. 1898), but the plaintiffs' case is not founded on breach of contract alone, but also for violation of a duty imposed by common law upon an occupier of land. The law regards a lease as the equivalent of a sale of premises for the term, and the lessee becomes for the time being the owner and occupier. From the evidence, the jury could find that the city as lessor had created a nuisance and that the lessee continued to occupy the premises and maintained the nuisance created by the lessor.
The superintendent of the defendant lessee testified that in 1938, noticing that part of the sidewalk had become depressed and a "tripping hazard," he caused repairs to be made:
"Q. Did you do any work in that area?
A. Around 1938 and 1939, shall we say, it started to show quite a bit across the sidewalk and I had one of our men chip that edge of the concrete so that it was not a tripping hazard like it was before."
He testified that the chipping was done under his direction "to level the difference of the slabs at that point," and that "once every four of five years later we might have chipped a little bit more off there." The endeavor of the lessee to correct a defect is not a basis for liability where the attempt to repair does not make the condition more dangerous or different from the old hazard. Halloway v. Goldenberg, 4 N.J. Super. 488 (App. Div. 1949); Snidman v. Dorfman, 7 N.J. Super. 207 (App. Div. 1950).
*601 Here, however, we have testimony from which a jury could conclude that in 1932 the owner of the premises created a nuisance upon a public way; that the lessee made no objection to the city's removal and relaying of the sidewalk; that the lessee in effect maintained the nuisance for a number of years, negatively by failure to cause its elimination or disclaim responsibility therefor by formal notice to the lessor, and, positively, by attempting of its own accord to lessen the "tripping hazard." Under such state of facts, liability may be imposed upon the lessee for continuing the nuisance if the injury is proximately caused thereby. A lessee is liable for the continuance, adoption or maintenance of a nuisance, even though created by the owner. McKeown v. King, 99 N.J.L. 251 (E. & A. 1923); Braelow v. Klein, 100 N.J.L. 156 (E. & A. 1924); Glass v. American Stores Co., Inc., 110 N.J.L. 152 (E. & A. 1933); Lindemann v. F.W. Woolworth Co., 123 N.J.L. 208 (E. & A. 1939); Spinelli v. Golda, 6 N.J. 68 (1950). Cf. Moskowitz v. Herman, 16 N.J. 223 (1954), in which the plaintiff failed to recover because there was insufficient proof of the creation of a nuisance by the defendant owner or its predecessor in title, and no evidence of the maintenance or adoption of the nuisance by the landlord or the tenant. In the instant case, the jury could infer from the evidence that the owner created the nuisance and that the lessee continued and maintained it. Accordingly, the issue should have been submitted to the jury, and the entry of judgment in favor of the lessee against the plaintiffs was erroneous.
The cross-claim of the city against the Raymond-Commerce Corporation as assignee of the lessee was based upon the following provisions: The lessee for itself and its assigns covenanted and agreed: (a) to keep the sidewalks adjacent to the premises in good condition and repair, (b) to indemnify and hold the municipality harmless from any and all claims arising out of the lessee's conduct or management of the demised premises or the sidewalks or streets adjoining, and (c) to defend any suit brought against the lessor by reason of any act or negligence of the lessee, on or adjoining *602 the demised premises at any time during the term, by which any person or property was damaged or injured, and to pay any judgment, costs and expenses. The trial court dismissed the cross-claim and entered judgment in favor of the lessee for the reasons that the proofs did not indicate that the lessee participated in any manner in the tearing up of the old sidewalk or the reconstruction of the new, that the lessee was under no obligation to reconstruct the new sidewalk built by the city, that such an obligation was not within the contemplation of the parties at the time the lease was executed, and that the proofs did not show that the lessee was in any way responsible for the condition which caused the accident.
An owner who creates a nuisance on his own premises and therefore becomes liable for its erection cannot escape liability to a pedestrian by thereafter demising the premises. Ingwersen v. Rankin, 47 N.J.L. 18 (Sup. Ct. 1885), affirmed 49 N.J.L. 481 (E. & A. 1887). The fact that the landlord creates the nuisance after the execution of the lease does not lessen his liability to a third person suffering injury by reason thereof. Although a landlord is not as a general rule liable to third persons for a nuisance created on his premises by the tenant during the term of the lease, he is responsible for nuisances created by himself. City of Newark v. Adler, 3 N.J. Super. 231 (App. Div. 1949); Board of Health, Andover Tp. v. Andriotis, 28 N.J. Super. 315 (App. Div. 1953); 32 Am. Jur., Landlord and Tenant, § 762, p. 649. The lessor's responsibility to the public is such that he is not permitted to shift it to another, and even a covenant on the part of the lessee to repair the defect will not relieve the lessor of liability. Prosser on Torts (1941), § 81, p. 652.
The construction of the provisions of a lease is a matter of law for the court. The facts in this case, insofar as they pertain to the lessor and the lessee, are not in dispute. The question is: Was it within the contemplation of the parties at the time of the execution of the lease that should the lessor enter upon the premises and create a nuisance, the tenant would indemnify it from any claims arising by reason *603 thereof? We think not. It is reasonable to assume that in 1928 when the lease was executed, the construction of the subway in 1932 was not within the contemplation of the parties insofar as this particular lease was concerned. If it was not within the contemplation of the parties, the clause in the lease would not control. S.P. Dunham & Co. v. 26 E. State St. Realty Co., 134 N.J. Eq. 237 (Ch. 1943); Spinelli v. Golda, supra. A contract of indemnity is construed in accordance with the rules for the construction of contracts generally. When the meaning of an indemnity clause is to be determined, it is to be strictly construed and not extended to things other than those therein expressed. George M. Brewster & Son v. Catalytic Const. Co., 17 N.J. 20 (1954). A contract of indemnity should not be construed to indemnify the indemnitee against losses resulting from his own negligence. Where such intention is not expressed in unequivocal terms, the doubt, if any, should be resolved in favor of the indemnitor. Griffiths v. Henry Broderick, Inc., 27 Wash.2d 901, 182 P.2d 18, 175 A.L.R. 1 (Sup. Ct. 1947); Annotation, 175 A.L.R. 8; 27 Am. Jur., Indemnity, § 15, p. 464.
The provisions in the lease contemplate defense of actions brought against the lessor and the indemnification of claims arising out of the conduct or management of the lessee or by reason of any act or negligence of the lessee which caused damage or injury. The contract of the parties does not purport to, and could not possibly, save the municipality harmless from any claims arising through its own misconduct or wrongful act. Therefore, the dismissal of the municipality's cross-claim against the lessee was proper.
The plaintiffs in their brief urging reversal of their suit against the Raymond-Commerce Corporation state that should their judgment against the City of Newark be sustained, the questions presented may become academic. Undoubtedly the reason for this is that they hold a judgment against a responsible defendant and may decide not to proceed against the lessee. However, whether they do or not, it should not be inferred that the city, although precluded *604 by the lease from indemnification, may not be entitled to contribution from the lessee under the Joint Tortfeasors Contribution Law, N.J.S. 2A:53A-1 et seq. This point is not before us and we do not pass upon it. We merely wish to point out that our conclusion against the city on its cross-claim under the lease does not determine any right of contribution which it might have. Sattelberger v. Telep, 14 N.J. 353 (1954); Bray v. Gross, 16 N.J. 382 (1954).
For the reasons hereinabove stated, the judgment in favor of the plaintiffs against the City of Newark is affirmed, as is the judgment of dismissal of the city's cross-claim against the lessee, but the judgment of dismissal of the plaintiff's case against the lessee is reversed and the issue between them remanded for a new trial.